**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

———————————————————————————
| | )
|:--|:--|
| **FEDERAL TRADE COMMISSION,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CIVIL ACTION NO.  MJG 03 CV 108** |
| **v.** | ) |
| | ) |
| | ) |
| | ) |
| **JAGUAR BUSINESS CONCEPTS, LP,** | ) |
| **dba LIBERTYMALL.COM, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
———————————————————————————

**OPPOSITION OF PLAINTIFF FEDERAL TRADE COMMISSION TO JACQUELINE
DEMER'S MOTION TO DISMISS, PRESENTING DEFENSES OF LACK OF PERSONAL
JURISDICTION, LACK OF SUBJECT MATTER JURISDICTION, LACK OF PROPER
PROCESS OF SERVICE AND FAILURE TO STATE A CLAIM UNDER FEDERAL RULES
OF CIVIL PROCEDURE RULES 12(b) and 12(h)**

**I.     INTRODUCTION**

On January 13, 2003, the Federal Trade Commission (the "FTC" or "Commission") filed suit for

injunctive relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTCA"), 15 U.S.C.

§ 53(b), against Jaguar Business Concepts, LP dba Libertymall.com ("Jaguar"), Jaguar's general partner,

Cheyenne Investment Alliance LLC ("Cheyenne"), and Jacqueline A. Demer ("Ms. Demer"),

individually and as Member/Manager of Cheyenne.  The Complaint alleges violations of Section 5(a) of

the FTCA, 15 U.S.C. § 45(a), for deceptive acts by Defendants in connection with the advertising,

marketing and sale of fake International Drivers Permits ("IDP's") through Libertymall.com.  The parties

signed a Stipulation and Order for Preliminary Injunction with an Accounting, Expedited Discovery and Other Equitable Relief, which Stipulation the Court entered as an order on January 23, 2003 ("Stipulation and Order").  Among other things, this Stipulation and Order enjoined Defendants from making various misrepresentations about IDP's and from offering for sale, advertising or marketing IDP's and various other identification documents.

Ms. Demer, a *pro se* defendant, has moved this Court to dismiss the Commission's Complaint pursuant to Fed. R. Civ. Pro. 12, for lack of personal jurisdiction, lack of subject matter jurisdiction, lack of proper process of service, improper venue and failure to state a claim under Fed R. Civ. Pro. 12(b) and 12(h) ("Motion to Dismiss"), advancing numerous legal and non-legal arguments.  Where possible, FTC counsel has tried to make sense of Ms. Demer's arguments consistent with Fed. R. Civ. Pro. 12.  Certain theories advanced by her, however, are unfounded, with no basis in existing law.

For the reasons set forth below, the Commission respectfully requests that the Court deny the Motion to Dismiss in its entirety.

## II.    ARGUMENT

### A.    Ms. Demer Has Advanced Several "Theories" That Have No Basis In Law

While the FTC remains mindful of Ms. Demer's *pro se* status, there is no duty on the part of this agency or the Court to create a defense where none exists or can reasonably be discerned.  These arguments include, for example, that Ms. Demer does not live in a state, territory or other place of dominion in the United States (Complaint p. 16), but rather that she lives in the Georgia Republic (her listed address on the Motion to Dismiss is in Alpharetta, Georgia, a suburb of Atlanta) and thus the

Court has no jurisdiction over her.  The notion that Ms. Demer is different than every other citizen of the United States and can take advantage of the laws of the United States or violate them, while maintaining that she is not subject to the jurisdiction of the United States (Complaint p. 10) or subject to Orders of this Court to which she has agreed, is unfounded.

B.    Ms. Demer Has Waived Her Defenses of Failure to State a Claim, Lack of Personal Jurisdiction, Lack of Subject Matter Jurisdiction and Improper Venue

Although Ms. Demer asserts that this Court lacks both subject matter and personal jurisdiction, the FTC has failed to state a claim upon which relief can be granted and venue is improper, Ms. Demer has already acceded to the jurisdiction of this Court and has waived each of these defenses.  The Stipulation and Order, signed by Ms. Demer, sets forth Findings that directly contradict Ms. Demer's defenses.  Finding 1 of the Stipulation and Order states, "This Court has jurisdiction over the parties and subject matter of this action and the complaint states a claim upon which relief may be granted against Defendants under Section 5(a) and 13(b) of the FTC Act, 15 U.S.C. § 45(a) and 53(b)." (Stipulation and Order p.2).  Finding 2 states, "Venue as to Defendants in the District of Maryland is proper." Id.[1]

Ms. Demer spent hours negotiating the terms of the Stipulation and Order with counsel for the Commission, including the jurisdictional and other Findings of which she agreed to be bound. Considerable time was spent explaining the significance of these terms to Ms. Demer, and Ms. Demer has been repeatedly urged by counsel for the Commission to retain legal counsel.  Counsel for the FTC

---

[1] The Defendants, including Ms. Demer, further waived all rights to seek judicial review or otherwise to challenge or contest the validity of the Stipulation and Order (Finding 4), and thus waived seeking judicial review of whether this Court has jurisdiction over the subject matter of this action and the parties, whether venue was proper in this Court and whether the Commission had properly stated a claim for relief against them.

3

made it very clear to Ms. Demer that while she was free to defend on the merits of the claim (i.e. litigating whether she was indeed individually liable), she was agreeing that the Court has jurisdiction, that venue is proper and that the Complaint was sufficiently pled to state a claim.  Ms. Demer knowingly and willingly signed the Stipulation and Order.  Affirmative defenses of lack of subject matter and personal jurisdiction, improper venue and failure to state a claim are waived and may be stricken where, as here, the defendant stipulated to a preliminary injunction containing specific findings that negate the stated defenses.  See FTC v. Metropolitan Communications Corp., 1995 U.S. Dist. LEXIS 13028 (E.D.N.Y. 1995) ("An affirmative defense of lack of jurisdiction may be stricken where defendants stipulated to a preliminary injunction which contained a specific finding of subject matter jurisdiction."). See also FTC v. American Microtel, Inc., 1992-1 Trade Cas. (CCH) ¶ 69,862 at p. 68,093 (D. Nev. June 10, 1992).  Ms. Demer's Preservation of Rights Section indicates that she believes that by signing the Stipulation and Order "Without Prejudice, UCC 1-207," she has somehow reserved all jurisdictional defenses and that she has not agreed to be subject to the jurisdiction of this Court.  She cannot bind herself to an agreement and then say that she is not completely bound.  The Stipulation and Order is not a commercial agreement and thus any reference to the U.C.C. is irrelevant to the issue of Ms. Demer's participation in the negotiations and signing of that document.  Ms. Demer's agreement to the Court's jurisdiction, that venue is proper and that the Complaint states a claim upon which relief may be granted, if not dispositive, should weigh heavily in the Court's analysis of the Motion to Dismiss.

  C. <u>Legal Standard for Sufficiency of Pleadings and Motion to Dismiss</u>

  Motions to dismiss for failure to state a claim are highly disfavored and should be granted only if the Court determines beyond a reasonable doubt that the plaintiff cannot prove any set of facts to support

its claim for relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Mylan Labs, Inc. v. Matkari. 7 F.3d

1130 (4th Cir. 1993).  In considering such a motion, "the court should accept as true all well-pleaded

allegations and should view the complaint in a light most favorable to the plaintiff." Id.  With respect to

a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be

granted, dismissals are allowed only in very limited circumstances.  Beck v. City of Durham, 129 F.

Supp. 2d, 844, 848 (M.D.N.C. 2000).  See also Rogers v. Jefferson-Pilot Life Ins. Co., 883 f. 2d 324,

325 (4th Cir. 1989). [2]

     D.    The FTC Has Stated a Claim Upon Which Relief Can Be Granted

         1.    The Complaint states that Ms. Demer has violated the FTCA

The Commission's Complaint alleges that Ms. Demer, individually and as Member/Manager of

Cheyenne, has violated Section 5(a) of the FTCA, which prohibits deceptive acts and practices in and

affecting commerce.  Ms. Demer improperly asserts that the Commission has failed to establish that an

infraction of the FTCA actually occurred.  (Motion to Dismiss p.18).  An act or practice is deceptive if

consumers, acting reasonably under the circumstances, are, as a result of the representation, omission or

---

[2] Moreover, a Rule 12(b) motion should be considered in light of Fed. R. Civ. Pro. 8(a).
The Commission need provide only "a short and plan statement of the claims showing that the
pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2).  The Supreme Court has interpreted Rule 8
to "not require a claimant to set out in detail the facts upon which he bases his claim."
Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168
(1993)(quoting Conley v. Gibson, 355 U.S. 41 at 47).  Even if the Court finds that the Complaint
is deficient, instead of dismissing the action, the Court should permit the FTC leave to amend the
Complaint.  Leave to amend a complaint "shall be freely given when justice so requires." Fed R.
Civ. Pro. 15(a).  The Supreme Court has stated that "if the underlying facts or circumstances
relied upon by a plaintiff may be subject of relief, he ought to be afforded an opportunity to test
his claim on the merits." Forman v. Davis, 371 U.S. 178, 182 (1962).

practice, likely to be misled about a material fact to their detriment.  FTC v. World Travel Vacation Brokers, 861 F.2d 1020, 1029 (7th Cir. 1988).  Thus, misrepresentations or omission of material facts made to induce the purchase of goods or services constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTCA.  See e.g., FTC v. Amy Travel Serv., Inc., 875 F.2d 564, 573 (7th Cir. 1989).  If consumers are likely to have chosen differently but for the deception, then a misrepresentation is material.  FTC v. Southwest Sunsites, Inc.,105 F.T.C. 7, 149 (1985), aff'd, 785 F.2d 1431 (9th Cir 1986), cert. denied, 479 U.S. 828 (1986); In re Cliffdale Associates, 103 F.T.C. 110, 165 (1984).  Express claims and deliberately made implied claims are presumed to be material. FTC v. SlimAmerica, Inc., 77 F. Supp. 2d 1263, 1272 (S.D. Fla. 1999); FTC v. Wilcox, 926 F. Supp. 1091, 1098 (S.D. Fla. 1995); In re Thompson Medical Co., 104 F.T.C. 648, 816 (1984), aff'd, 791 F.2d 189 (D.C. Cir. 1986), cert. denied, 479 U.S. 1086 (1987).

The Commission need not prove reliance by each purchaser misled by the Defendants. "Requiring proof of subjective reliance by each individual consumer would thwart effective prosecutions of large consumer redress actions and frustrate the statutory goals of [Section 13(b)]."  FTC v. Figgie Int'l, Inc., 994 F.2d 595, 605 (9th Cir.1993), cert. denied, 510 U.S. 1110 (1994) (citations omitted). Rather, a "presumption of actual reliance arises once the Commission has proved that the defendant made material misrepresentations, that they were widely disseminated, and that consumers purchased the defendant's product."  Id. at 605-6; See also SlimAmerica, 77 F. Supp. 2d at 1275.  Here, Defendants' misrepresentations were clearly both material and widely disseminated and consumers purchased the product.

To remedy violations of Section 5(a) of the FTCA, Section 13(b) provides "that in proper cases

the Commission may seek, and after proper proof, the court may issue, a permanent injunction." 15

U.S.C. § 53(b).  A case such as this, where there is evidence of persistent and ongoing fraud and

deception, qualifies as a "proper case" under Section 13(b).  See, e.g., FTC v. World Travel Vacation

Brokers, Inc., 861 F.2d at 1028; FTC v. H.N. Singer, Inc., 668 F.2d 1107, 1113 (9th Cir. 1982); FTC v.

Virginia Homes Mfg. Corp., 509 F. Supp. 51, 54 (D. Md 1981).  The authority of a federal district court

to grant permanent injunctive relief also includes the power to grant any ancillary relief necessary to

accomplish complete justice, as the Commission seeks here.  FTC v. Gem Merchandising Corp., 87 F.3d

466, 468-70 (11th Cir. 1996); FTC v. Febre, 128 F.3d 530, 534 (7th Cir. 1997); FTC v. Security Rare

Coin & Bullion Corp., 931 F.2d 1312, 1314-15 (8th Cir. 1991); FTC v. H.N. Singer, Inc., 668 F. 2d 1107,

at 1112-13.

     The Complaint alleges that Defendants operated together as part of a common enterprise to

advertise, market and sell fake IDP's through libertymall.com and through incoming telemarketing calls.

(Complaint ¶ ¶ 8, 18).  Defendants engaged in misrepresentations about the use and validity of IDP's,

including that 1) Defendants' IDP's authorize consumers to drive legally in the United States (Complaint

¶ ¶  20, 21, 26); 2) consumers who purchase IDP's may use them to avoid points for traffic violations and

avoid sanctions for driving with a suspended or revoked driver's license (Complaint ¶ 22, 29); and 3)

Defendants' IDP's can be used in the United States as an identification document in the same way as a

government issued photo identification document, such as a driver's license. (Complaint ¶ 23, 32).

Complaint paragraphs 18-25 detail Defendants' false and misleading statements and how Defendants'

deceptive marketing and sales of their IDP's were made.  The Complaint explains how these acts and

assertions by Defendants regarding IDP's are deceptive, the purposes an IDP serves, what a valid IDP is

and what rights it confers. (Complaint ¶¶ 10-16). The Complaint alleges that, contrary to Defendants' misrepresentations, in truth, a valid IDP does not confer driving privileges in the country of issuance; it is not a substitute for having a valid driver's license; it will not protect individuals from sanctions for driving with a suspended or revoked license; and it will not insulate drivers from incurring points for traffic violations. (Complaint ¶ 17). Nor can a validly issued IDP be used in the same way as a government issued photo identification document. Id. The Complaint further alleges that Defendants' express and implied assertions about their IDP's are false and misleading and constitute deceptive acts and practices in violation of Section 5(a) of the FTCA. (Complaint ¶¶ 28, 31 and 34). The Complaint alleges that "at all times relevant to this complaint, Defendants' course of trade is in or affecting commerce within the meaning of Section 4 of the FTC Act, 15 U.S.C. § 44. (Complaint ¶ 9). Finally, the Complaint alleges consumer injury as a result of Defendants' violations of the FTCA. (Complaint ¶ 35). In sum, the Commission has adequately pled a claim for violation of Section 5(a) of the FTCA.

        2.    The Complaint states a basis for holding Ms. Demer individually liable

The Complaint clearly alleges a basis upon which Ms. Demer may be held liable. According to well established law, a corporate officer can be held individually liable for injunctive relief under the FTCA if the officer either participated directly in the corporation's deceptive acts or practices, or had the authority to control them. FTC v. Publishing Clearing House, Inc., 104 F.32 1168, 1170 (9th Cir. 1997); FTC v. Amy Travel Serv., Inc., 875 F.2d 564 at 574. To prevail in establishing individual liability for monetary relief under the FTCA, the FTC must only establish either actual or constructive knowledge of the misrepresentations by showing either actual knowledge of defendants' material misrepresentations, a reckless indifference to the truth or falsity of their misrepresentations, or an awareness of a high

probability of fraud, along with an intentional avoidance of the truth.  <u>FTC v. Amy Travel</u>, 875 F.2d at

574; <u>FTC v. Affordable Media, LLC</u>, 179 F. 3d 1228, 1234 (9ᵗʰ Cir. 1999); <u>FTC v. Publishing Clearing</u>

<u>House</u>, 104 F.3d at 1170-71.  In general, an individual's status as a corporate officer of a small, closely

held corporation gives rise to a presumption of control for purposes of liability.   More particularly,

assuming the duties of a corporate officer are probative of an individual's participation or authority.

<u>FTC v. Amy Travel</u>, 875 F.2d at 573; <u>FTC v. Sporacidin Co.</u>, 1992-1 Trade Cas. ¶ 69,768 at 3 (D. Md.

1992). [3]  Here, under Georgia law, the authority Ms. Demer had is quite clear.

     The Complaint alleges that Defendants (including Ms. Demer) operated as part of a common

enterprise to market false IDP's.  (Complaint ¶ 8).  Ms. Demer is the Member/Manager of Cheyenne

(Complaint ¶ 7), and directs, controls, formulates or participates in the acts and practices alleged in the

Complaint.  <u>Id.</u>  Cheyenne is a Georgia limited liability company and the general partner of Jaguar.

(Complaint ¶ 6).  With certain exceptions, under Georgia law, a member of a Georgia limited liability

company, or where management of the limited liability company is vested in one or more managers, a

---

[3] Although the Commission has not yet had the opportunity for discovery on the merits, as is clear from the Declaration of Denise Owens ("Owens Declaration") and the Declaration of Ronald D. Lewis ("Lewis Declaration") submitted in support of Plaintiff's Memorandum of Points and Authorities in support of Motion for TRO and other relief, in her capacity as Member/Manager of Cheyenne, Ms. Demer took specific acts in furtherance of Defendants' enterprise to advertise, market and sell IDP's through libertymall.com.  Ms. Demer filed Jaguar's Certificate of Limited Partnership with the State of Pennsylvania (Owens Declaration ¶ 3), established the fictitious name www.libertymall.com with the State of Pennsylvania (Owens Declaration ¶ 4) and established the telephone service for the toll-free number set up to ring at the Monkton, Maryland address from which libertymall.com sent invoices and received payment for the fake IDP's sold by Defendants.  (Owens Declaration ¶ 9, Lewis Declaration ¶ ¶ 4, 5).  She also set up bank accounts on behalf of Jaguar at the Pennsylvania State Bank, in which IDP payments were deposited and from which Ms. Demer withdrew substantial amounts of money.  (Lewis Declaration ¶ ¶  8, 9, 10).

manager is an agent of the limited liability company for purposes of its business and affairs and may execute any instrument and bind the limited liability company.  O.C.G.A. § 14-11-301 (2002).  Neither the Articles of Organization of a Georgia limited liability company nor any other written operating agreement thereof shall eliminate or limit the liability of a member or manager for intentional misconduct or a knowing violation of law.  O.C.G.A. § 14-11-305.   Here, Ms. Demer's role as Member/Manager of Cheyenne is tantamount to being president or CEO of a closely held corporation.

3.    <u>Ms. Demer is a "person" as defined by the laws of the United States</u>

Throughout the Motion to Dismiss, Ms. Demer suggests that she is a natural person and is therefore not subject to suit by FTC.  For instance, Ms. Demer says that the "FTC failed to show Jacqueline Demer, a natural person, is **subject to the investigatory authority** of the FTC." (Motion to Dismiss p. 18).  The language of the Section 5(a) of the FTCA directly contradicts this contention.  Section 5(a) states, "The Commission is hereby empowered and directed to prevent persons, partnerships, or corporations. . . from using unfair methods of competition in or affecting commerce and unfair or deceptive acts or practices in or affecting commerce."  1 U.S.C. § 1 sets forth certain definitions to use in determining the meaning of any Act of Congress.  The definition of 'person' is found in this section, which states, "the words '**person**' and 'whoever' include corporations, companies, associations, firms, partnerships, societies, and joint stock companies, **as well as individuals**."(emphasis added).

4.    <u>The Complaint alleges that Ms. Demer is engaged in commerce</u>

Ms. Demer also incorrectly states that the FTC failed to allege that she is engaged in commerce. (Motion to Dismiss p. 18).  Paragraph 9 of the Complaint alleges that at all times relevant to the

10

Complaint, Defendants' course of trade is in or affecting commerce within the meaning of Section 4 of the FTCA.[4]  The Complaint further alleges that since at least August 2000, the Defendants in this action have conducted a nationwide scheme to sell their IDP's through the internet website www.libertymall.com and through in-bound telephone calls. (Complaint ¶ ¶ 8, 18).  Ms. Demer, as Member/Manager of Cheyenne, Jaguar's general partner, played an integral role in this scheme, as she directs, controls, formulates or participates in the acts and practices of Jaguar and Cheyenne (Complaint ¶ 7).

5.    <u>The Commission has broad authority to bring a claim under the FTCA</u>

Ms. Demer's final contentions regarding the Commission's alleged failure to state a claim are that no original complaint was brought before the FTC by an injured party (Motion to Dismiss p. 19), and the FTC failed to provide a material fact witness injured by Ms. Demer. <u>Id</u>.  These contentions have no basis in law and are not appropriate causes to dismiss this action.  The Commission does not need to have a complaint by a member of the public or a material fact witness injured by a particular defendant in order to bring a claim under Section 5(a).  The FTCA provides the Commission broad authority to prevent and stop deceptive acts or practices, such as the sale of fake IDP's.  <u>See</u> 15 U.S.C. § 45(a).

E.    <u>This Court has Subject Matter Jurisdiction</u>

This Court has subject matter jurisdiction in this case pursuant to 28 U.S.C. §§ 1331, 1337(a),

---

[4] 15 U.S.C. § 44 defines commerce as, "'Commerce' means commerce among the several States or with foreign nations, or in any Territory of the United States or in the District of Columbia, or between any such Territory and another, or between any such Territory and any State or foreign nation, or between the District of Columbia and any State or Territory or foreign nation."

and 1345 and 15 U.S.C. § § 45(a) and 53(b). (Complaint ¶ 2).  Ms. Demer, however, misstates that the

Commission has failed to establish subject matter jurisdiction based on 28 U.S.C. §1332.  (Motion to

Dismiss p. 17).  This is not a diversity action, but an action involving a federal government agency as a

plaintiff invoking a federal question under the laws of the United States.  To invoke federal jurisdiction

under §1331, a plaintiff's claim must be based on some federal law independent of that statute.  See

Merrell Dow Pharmaceuticals v. Thomson, 478 U.S. 804 (1986).  Here, the FTCA provides the requisite

statutory basis for federal court jurisdiction under §1331.  Moreover, 28 U.S.C. §1337 provides federal

district courts with original jurisdiction over any civil action arising under an Act of Congress respecting

commerce.  The FTCA is a law of the United States respecting commerce.  See 15 U.S.C. § 45

(prohibiting "unfair or deceptive acts or practices in or affecting commerce.").  Section 1345, 28 U.S.C.

§1345, also grants federal district courts original jurisdiction of all civil actions commenced by an

agency of the United States authorized to bring suit, such as the FTC.  See 15 U.S.C. § § 41-58.  Thus,

pursuant to 28 U.S.C. § § 1331, 1337 and 1345, and the FTCA, the Court has subject matter jurisdiction

over this case.

        The FTC is not required, as Ms. Demer argues, to first exhaust administrative remedies prior to

bringing suit in district court. (Motion to Dismiss p. 18).  The Commission brought this case pursuant to

the second proviso of Section 13(b) and thus the Complaint is not subject to the procedural and notice

requirements of the first proviso.  FTC v. U.S. Oil & Gas Corp., 748 F.2d 1431, 1434 (11th Cir. 1984)

("Congress did not limit the court's powers under the [second and] final proviso of § 13(b) and as a

result this Court's inherent equitable powers may be employed to issue a preliminary injunction,

including a freeze of assets, during the pendency of an action for permanent injunctive relief"); FTC v.

H.N. Singer, Inc., 668 F.2d 1107 at 1111 (holding that routine fraud cases may be brought under the second proviso, without being conditioned on first proviso requirement that the Commission institute an administrative proceeding); FTC v. Security Rare Coin, 931 F.2d 1312 at 1315 (holding that in a case filed pursuant to Section 13(b) of the FTCA, the procedural requirement to obtain a final cease and desist order from the Commission before commencing a suit for consumer redress (Section 19 of the FTCA) does not apply.  Rather, the court considers "the power of the district court, not the procedures that the FTC must follow under certain sections of the Act").

      F.     This Court has Personal Jurisdiction and Venue

This Court has personal jurisdiction over Ms. Demer.  Ms. Demer claims that she lives in the Georgia Republic (Motion to Dismiss p.7) and she states that she does not live, operate a business, own property, and has not committed an injury in Maryland, the District of Columbia, a State or territory or other place of dominion of the United States. (Motion to Dismiss p. 16).[5]  Ms. Demer's reasons for dismissal based on lack of personal jurisdiction are inapposite to the well settled law on this matter.

Generally, a court will find that the exercise of personal jurisdiction over a non-resident defendant comports with Due Process when the defendant has purposefully established minimum contacts with the forum and the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice.  International Shoe Corp. v. Washington, 326 U.S. 310 (1945).  Where, as here, a federal statute authorizes nationwide or worldwide service of process, a court's exercise of jurisdiction

---

    [5] The Fourteenth Amendment controls the definition of citizenship.  The Amendment states that "all persons born or naturalized in the United States and subject to the jurisdiction thereof are citizens of the United States and of the States wherein they reside."  The Amendment therefore establishes simultaneous state and federal citizenship.

over non-resident defendants depends on the existence of minimum contacts with the United States as a whole, and not the defendant's contacts with the specific forum.  See, e.g., Pinker v. Roche Holdings, 292 F.3d 361,369 (3d Cir. 2002); Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 946-47 (11th Cir. 1997); Busch v. Buchman, Buchman & O'Brien Law Firm, 11 F.3d 1255, 1258 (5th Cir. 1994); United Liberty Life Ins. Co. v. Ryan, 985 F.2d 1320, 1330 (6th Cir. 1993); Dooley v. United Technologies Corp., 786 F. Supp. 65, 71 (D.D.C. 1992).[6]  Section 13(b) of the FTCA, 15 U.S.C. § 53(b), states: "In any suit under this section, process may be served on any person, partnership, or corporation wherever it may be found."  See also FTC v. Sharp, 1991-2 Trade Cas. (CCH) ¶ 69560 (D. Nev. July 23, 1991)  which held that the court has personal jurisdiction if: "(1) the defendant has availed itself of 'the privilege of conducting business in the forum, thereby invoking the benefits and privileges of its laws'; (2) the claim 'arises from' defendant's contacts with the forum; and (3) the exercise of jurisdiction is reasonable."

---

[6]  The D.C. Circuit's ruling in GTE New Media Serv., Inc. v. Bellsouth Corp., 199 F.3d 1343, 1350-51 (D.C. Cir. 2000), does not limit this analysis.  In GTE, the D.C. Circuit held that Section 12 of the Clayton Act, 15 U.S.C. § 22, which contains a provision authorizing worldwide service of process, could only be used in cases in which the Clayton Act's venue provision was satisfied.  The Court reasoned "invocation of the nationwide service clause [of Section12] rests on satisfying the [Act's] venue provision."  GTE, 199 F.3d at 1350.  Here, the venue provision of the FTCA is broader than that in the Clayton Act.  Section 12 of the Clayton Act provides that "[a]ny suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business. . . ."  15 U.S.C. § 22.  By contrast, the FTCA states that "Any suit may brought where such person, partnership, or corporation resides or transacts business, or wherever venue is proper under section 1391 of Title 28."  15 U.S.C. 53(b).  Therefore, unlike the Clayton Act, the FTCA expressly incorporates the alien venue provisions of 28 U.S.C. § 1391(d).  Because venue is appropriate in any federal judicial district, the venue provisions of the FTCA does not place any limitation on the FTC's use of the national contacts test for personal jurisdiction.

In this case, Ms. Demer's conduct in connection with this enterprise satisfies the minimum contacts requirements with the United States as a whole. Her conduct also constitutes minimum contacts with the State of Maryland. Her efforts to establish phone numbers to ring in Monkton, Maryland for the libertymall.com website and other acts taken by her, as set forth in footnote 3 *supra,* to insure the sale of IDP's through Defendants' internet website satisfy this requirement. In addition, Jaguar, dba Libertymall.com, holds itself out as transacting business in Monkton, Maryland. (Complaint ¶ 5 and Lewis Declaration ¶ ¶ 4, 5). As Member/Manager of Jaguar's general partner, Cheyenne, Ms. Demer, individually and in concert with others, directs, controls, formulates or participates in the acts and practices of Jaguar doing business as libertymall.com and transacts or has transacted business in this district. (Complaint ¶ 7). Defendants list the Monkton, Maryland address on their website, receive incoming purchasing and informational telephone calls in this district as libertymall.com and have marketed their fake IDP's to residents of Maryland. (Complaint ¶ ¶ 5, 18, 24; Lewis Declaration ¶ ¶ 2, 4 and Owens Declaration ¶ 9).

Ms. Demer also has challenged the venue as being improper. Venue for Commission lawsuits brought pursuant to Section 13(b) of the FTCA is determined by reference to two federal statutes: 28 U.S.C. § 1391 and 15 U.S.C. § 53(b) (revised 1994). Under the general federal venue statute, where jurisdiction is based on a federal question, the claim may be brought only in the judicial district where all defendants reside, or in the district where the claim arose, unless otherwise provided by law. In Commission actions:

> [a]ny suit may be brought where such person, partnership, or corporation resides or transacts business, or wherever venue is proper under section 1391 of Title 28, United States Code. *In addition, the Court may, if the Court determines that the interests of justice require that any other person, partnership or corporation should be a party in*

*such suit, cause to be added as a party without regard to whether venue is otherwise proper in the district in which the suit is brought.*

15 U.S.C. § 53(b) (emphasis added).

As stated above, Ms. Demer has transacted business in this district. Moreover, in addition to "transacting business" in this district, venue with respect to Ms. Demer is proper in this district because the interests of justice require it. Absent this Court's ability to require all the Defendants to defend in this district, Defendants' fraud might continue unchecked. In the legislative history supporting the enactment of the venue provision of Section 13(b) of the FTCA, Congress acknowledged:

 [o]ne of the greatest difficulties identified by the FTC in combating consumer fraud is its inability to sue multiple defendants in a variety of jurisdictions. . . . [T]he Committee believes that the expansion of venue and service of process in the reported bill should assist the FTC in its overall efforts.

S. Rep. No. 130, 103rd Cong., 1st Sess. 15-16 (1993), *reprinted in* 1994 U.S.C.C.A.N. 1776, 1790-91. Accordingly, venue in this district is proper pursuant to 15 U.S.C. § 53(b) and 28 U.S.C. §§ 1391(b) and (c).

G.    The Commission Properly Served Ms. Demer

Ms. Demer was properly served with the Summons, the Complaint and other documents filed by the Commission in support of the Complaint and its Motion for a TRO. Ms. Demer claims that "the court **wants for proper process of service** on Jacqueline Demer." (Motion to Dismiss p. 20). Jacqueline Demer asserts that she is a separate person from the person the FTC has identified as Defendant Demer in this action, and thus there has been an insufficiency of process. This contention, aside from being hard to comprehend, is completely without merit and has no basis in law. The simple fact of the matter is that Ms. Demer was served with the Complaint, Summons, the Commission's

16

Motion for a TRO and other supporting papers and even arranged a time to meet with the process server for the very purpose of being served. According to the Return of Service attached hereto as Exhibit A, on January 22, 2003 at 2:55 p.m., Dave Batzle, a process server employed by MLQ Attorney Services, personally served Ms. Demer with the Summons, the Complaint, Court's Order dated January 13, 2003, setting the Hearing on Plaintiff's Motion and all other papers supporting the FTC's Motion for a TRO. [7] Therefore, service on Ms. Demer was both proper and sufficient.

H.    Ms. Demer's Other Claims Should be Denied

Ms. Demer also states that "To invoke the jurisdiction of the court there must be an actual, existing justiciable controversy between the parties having opposite interests." (Motion to Dismiss p. 4). The FTC alleges that the acts and practices of Defendants, including Ms. Demer, violated the FTCA and that the harm to consumers due to the advertising, marketing and sale of the fake IDP's is real and substantial. This is a justiciable claim.

Additionally, Ms. Demer cites Fed R. Civ. Pro. 60(b) as a reason for dismissal. (Motion to Dismiss p. 16). There has not been a judgment, and thus there is nothing the Court can do under Rule 60(b) at this stage in the litigation.

Ms. Demer charges that "the FTC's use of fraud, artifice, or trick in attempt to obtain jurisdiction is contrary to investigative principals." (Motion to Dismiss p. 11). The case brought against the Defendants was one of six cases brought as part of a sweep in various jurisdictions of the United States against other entities and individuals engaged in the sale or marketing of fake IDP's through the internet.

---

[7]Dave Batzle also served Jaguar by personally serving Ms. Demer on January 22, 2003 at 2:55 p.m. Cheyenne was served through its registered agent, Roy Baker, on January 14, 2003.

There was a variety of information available to the FTC in order for the FTC to decide to fully investigate and then to bring an action against Ms. Demer and others due to their deceptive acts in connection with the advertising, marketing and sale of the fake IDP's. Some of this information included the content of web sites, press reports and other information that the FTC's investigation uncovered. The FTC has coordinated its efforts with other law enforcement agencies. To further identify the Defendants and their fraudulent activities, the FTC also purchased an IDP from Defendants, providing concrete proof of their misconduct. The FTC had a good faith basis upon which to bring this action.

In addition to dismissal of the action against Ms. Demer with prejudice, Ms. Demer seeks sanctions against the FTC and costs, fees and other compensation as the Court may deem appropriate. (Motion to Dismiss pp. 22, 23). The FTC believes that the action against Ms. Demer is well supported by the evidence and law and that these additional remedies should be denied.

## III. CONCLUSION

For the foregoing reasons, the Court should deny Jacqueline Demer's Motion to Dismiss.

Dated: March 31, 2003                    Respectfully Submitted,

          _____/s/_____
PATRICIA F. BAK
ADAM B. FINE
JAMES REILLY DOLAN (BAR #09514)
Attorneys
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, DC 20580

(202) 326-2842); (202) 326-3784 or (202) 326-3292 (ph.)
(202) 326-2558 (Fax)
ATTORNEYS FOR PLAINTIFF
FEDERAL TRADE COMMISSION