UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br><br>JAGUAR BUSINESS CONCEPTS, LP,<br>dba LIBERTYMALL.COM, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. MJG 03 CV 108<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION OF PLAINTIFF FEDERAL TRADE COMMISSION TO STRIKE THE AFFIDAVITS OF LAWFUL AUTHORITY REQUEST, AFFIDAVITS OF JACQUELINE DEMER BY SPECIAL VISITATION AND THE THIRD PARTY WITNESS STATEMENTS OFFERED AS PROOF OF SERVICE AND CERTIFICATE OF MAILING FILED BY DEFENDANT JACQUELINE A. DEMER AND DIRECTED TO FEDERAL TRADE COMMISSION CHAIRMAN TIMOTHY J. MURIS, COMMISSIONERS SHEILA F. ANTHONY, THOMAS B. LEARY, MOZELLE W. THOMPSON, AND ORSON SWINDLE, GENERAL COUNSEL, WILLIAM KOVACIC, AND ATTORNEYS PATRICIA F. BAK, ADAM B. FINE AND JAMES REILLY DOLAN**

I.    **INTRODUCTION AND BACKGROUND**

For the reasons set forth herein, the Commission respectfully requests that the Court strike Demer's Affidavits pursuant to Fed. Civ. Pro. R.12(f). On January 13, 2003, the Federal Trade Commission (the "FTC" or "Commission") filed suit for injunctive relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 53(b), against Jaguar Business Concepts, LP dba Libertymall.com ("Jaguar"), Jaguar's general partner, Cheyenne Investment Alliance LLC ("Cheyenne"), and Jacqueline A. Demer ("Ms. Demer"), individually

and as Member/Manager of Cheyenne (hereinafter individually and collectively "Defendants"). The Complaint alleges violations of Section 5(a) of the FTCA, 15 U.S.C. § 45(a), for deceptive acts by Defendants in connection with the advertising, marketing and sale of fake International Drivers Permits ("IDP's") through Libertymall.com. The parties signed a Stipulation and Order for Preliminary Injunction with an Accounting, Expedited Discovery and Other Equitable Relief, which Stipulation the Court entered as a Order on January 23, 2003 ("Stipulation and Order"). Among other things, the Stipulation and Order enjoined Defendants from making various misrepresentations about IDP's and from offering for sale, advertising or marketing IDP's and various other identification documents.

On March 14, 2003, Ms. Demer filed a Motion to Dismiss, Presenting  Defenses of Lack of Personal Jurisdiction, Lack of Subject Matter Jurisdiction, Lack of Proper Process of Service, and Failure to State a Claim under Federal Rules of Civil Procedure Rules 12(b) and 12(h) ("Motion to Dismiss'). On March 26, 2003, Ms. Demer filed an Affidavit of Lawful Authority Request, with Exhibits 1-9 attached thereto. The Exhibits consist of an Affidavit of Lawful Authority Request, Affidavit of Lawful Authority (consisting of three separate Affidavits denoted as pages 1-8), Affidavit of Jacqueline Demer by Special Visitation and Third party Witness Statement Offered as Proof of Service and Certificate of Mailing directed separately to Federal Trade Commission Chairman Timothy J. Muris, Commissioners  Commissioners Shelia F. Anthony, Thomas B. Leary, Mozelle W. Thompson, and Orson Swindle, FTC General Counsel, William E. Kovacic, and FTC attorneys Patricia F. Bak, Adam B. Fine and James Reilly Dolan (hereinafter individually and collectively, "Demer's Affidavits").

## II.     BACKGROUND

Pursuant to the Stipulation and Order, Defendants, including Ms. Demer, agreed to certain findings, including that: 1) the Court has jurisdiction over the parties (Finding1); 2) the Court has subject matter jurisdiction (Finding 1); 3) the complaint states a claim upon which relief may be granted against the Defendants under Sections 5(a) and and 13(b) of the FTCA, 15 U.S.C. § § 45(a) and 53(b) (Finding 1); and 4) venue as to Defendants in the District of Maryland is proper (Finding 2).  The Defendants further waived all rights to seek judicial review or otherwise to challenge or contest the validity of the Stipulation and Order (Finding 4), and thus waived seeking judicial review of whether this Court has jurisdiction over the subject matter of this action and the parties, whether venue was proper in this Court and whether the Commission had properly stated a claim for relief against them.

Nonetheless, on March 14, 2003, Ms. Demer moved to dismiss the Commission's complaint pursuant to Fed R. Civ. P 12(b) and 12(h) for lack of personal jurisdiction, lack of subject matter jurisdiction, improper process of service, improper venue and failure to state a claim.  The Commission has opposed Ms. Demer's Motion to Dismiss, arguing that Ms. Demer has knowingly waived her defenses of lack of subject matter jurisdiction, lack of personal jurisdiction, lack of venue and failure to state a claim based on her agreement to the terms of the Stipulation and Order and that these and Ms. Demer's other defenses otherwise lack merit.  *See* Opposition of Plaintiff Federal Trade Commission to Jacqueline A Demer's Motion to Dismiss, Presenting Defenses of Lack of Personal Jurisdiction, Lack of Subject Mater Jurisdiction, Lack of Proper Process of Service and Failure to State a Claim Under Federal Rules of Civil Procedure Rules 12(b) and 12(h)("Commission's Opposition to Motion to Dismiss").

Not satisfied with having filed her pending Motion to Dismiss or perhaps wrongly under the impression that it is somehow required for her motion, Ms. Demer now seeks concession by the Commission to a number of purported statements of law.  Through these "affirmations of law" she apparently seeks "admission" that the defenses raised in her Motion to Dismiss are meritorious.  Ms. Demer seeks to accomplish her end, by way of separate "Affidavits" directed by her for signature to nine Commission officials and employees:  the Chairman of the Commission, each of the four other FTC Commissioners, the FTC's General Counsel, and the three attorneys representing the Commission in this case.[1]   Whether these individuals sign

---

[1] Demer's Affidavits were "served" separately on each of these individuals without copy of the cover sheet filed with the Court.  The Affidavits do not bear the case style and if the Clerk of the Court had not provided notice of the filing through the Court's new electronic filing system, the Commission would not have known that Ms. Demer had filed these Affidavits with the Court.  As the Court is aware, this is not the first time the above-noted recipients have been sent similar, purportedly binding legal documents by Ms. Demer.  In fact,  Ms. Demer has engaged in an on-going  campaign designed to harass and intimidate Commission officials.  On January 21, 2003, FTC Chairman, Timothy J. Muris, FTC Commissioners Shelia F. Anthony, Mozelle W. Thompson, Orson Swindle, Thomas B. Leary, FTC General Counsel, William E. Kovacic, Assistant Director of FTC's Bureau of Consumer Protection, Enforcement Division, James Reilly Dolan, FTC counsel, Patricia F. Bak and Adam B. Fine, and the Commission ("Recipients") each received a document entitled, "Notice of Written Communication/Security Agreement"( "Notice") from Ms. Demer.  The Notice asserts that Ms. Demer has a copyright or common law trademark in her own name and signature and that each of the Recipients has infringed those rights, presumably by naming her as a Defendant in the complaint and referring to her in other papers filed with the Court or in letters addressed or faxed to her. The Notice further purports to create a "self-executing security agreement" in property held by each of the Recipients, in the form of liquidated damages for the supposed copyright and trademark infringement.  Ms. Demer states her intention to file U.C.C. Financing Statements with respect to the Recipients' property to "perfect" those security interests.
    On January 22, 2003, each of the Recipients received a Civil Action Inquiry, Affidavit of Jacqueline Ann Demer©, by Special Visitation, Affidavit of Lawful Authority and Third Party Witness Statement Offered as Proof of Service and Certificate of Mailing from Ms. Demer (hereinafter, "Civil Action Inquiry").  Through the Civil Action Inquiry Ms. Demer charges the Recipients with unauthorized use of her purportedly protected name and signature.  She further claims to have been robbed by the Recipients of her peace and dignity and irreversibly harmed by the filing of the Commission's suit.  Finally, she asserts that failure to respond to her Civil

Demer's Affidavits or simply fail to respond within the five days she allotted they will, according to Ms. Demer, be admitting to each of the "legal affirmations" set forth in each of the Affidavits directed to them:

> Receipt of the completed Affidavits or the Failure to respond will be noted no later than March 31, 2003. If said Affidavit is not returned, executed in its entirety, it is understood neither [James Reilly Dolan, Patricia F. Bak, or Adam B. Fine - the individual Commission attorneys to whom these papers were directed] nor the Federal Trade Commission have legal and lawful authority to investigate Jacqueline Demer, a living, breathing, flesh and blood woman, a natural person, endowed with unalienable rights, legally and lawfully engaged by private contract working within the 50 States of the American Union, not engaged in the business of natural gas, professional boxing, or the dissemination of advertisement for the purchase of food, drugs, devices, services, or cosmetics, nor conducting business in the District of Columbia, a State, federal enclave, territory, insular possession or other place subject to the jurisdiction of the United States.

The Third Party Witness Statement Offered as Proof of Service and Certificate of Mailing signed by "Officer of the Court" Thomas M. Trainor, Notary Public, further states:

> receipt of any response not expressly requested herein, or use of any address other than designated in item 3 above for written correspondence on any envelope or packaging shall be deemed as if no response was received.

This Court should strike Demer's Affidavits pursuant to Fed. R. Civ. P. 12(f) as insufficient defenses and otherwise redundant, immaterial, and impertinent pleadings.

---

Action Inquiry within 5 days will result in a judgment "non prosequitur" at common law, which will result in treble damages.

The Commission's General Counsel, by letter dated January 27, 2003, advised Ms. Demer that the Notice and Civil Action Inquiry she had sent to the Recipients were of no legal effect, and that she had no justifiable basis, factual or legal, for the filing of liens against the property of the Recipients. The General Counsel informed Ms. Demer that numerous courts had held the malicious filing of liens against federal officials to constitute harassment and attempted extortion, and demanded that she immediately cease such activity and take all steps necessary to insure that any such filed liens were removed. With her latest filing, it appears, Ms. Demer is undeterred.

**II.   ARGUMENT**

Fed. R. Civ P. 12(f) provides:

Upon motion made by a party before responding to a pleading of if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

While Motions to Strike are generally disfavored, they are appropriate where defenses pled are insufficient or the pleading is redundant, immaterial, impertinent or scandalous, not related to the controversy and may prejudice the other party.  U.S. ex rel Ackley v. Int'l Bus. Machines Corp., 110 F. Supp. 2d 395, 406 (D. Md. 2000).

Despite plaintiff's counsel having repeatedly urged her to obtain the assistance of legal counsel, Ms. Demer has declined to do so, and the Commission remains mindful that Ms. Demer appears *pro se.* Although not so styled, Demer's Affidavits, when viewed as a whole, may reasonably be viewed by the Court as a means by which to seek to dismissal of the Commission's complaint for lack of subject matter and personal jurisdiction, improper venue and failure to state a claim–all defenses that Ms. Demer has already presented in her Motion to Dismiss pending before this Court and which the Commission has opposed.  Demer's Affidavits may thus be stricken by this Court, pursuant to Rule 12(f), not only as redundant of her Motion to Dismiss, immaterial and impertinent, but also as insufficient defenses for the reasons set forth in the Commission's Opposition to Ms. Demer's Motion to Dismiss, which the Commission respectfully incorporates by reference herein.

Failure to strike Demer's Affidavits will prejudice the Commission, whereas striking Ms.

Demer's pleading will result in no prejudice to her. There is quite simply no reasonable basis upon which the Chairman, the Commissioners, FTC's General Counsel and the Commission attorneys can respond (or in Ms. Demer's view, fail to respond) to Demer's Affidavits that would not be both meaningless and potentially prejudicial to the Commission's position in this litigation. The Court simply should not countenance such harassing and vexatious filings, particularly where, as here, they have the potential for confusing or unnecessarily complicating the proceedings. Significantly, Ms. Demer's interest in having this Court consider her defenses to the Commission's complaint is already fully secured by virtue of her pending Motion to Dismiss. The Court has before it the Commission's arguments in Opposition and thus may determine the sufficiency of the Commission's complaint and whether Ms. Demer's defenses are availing. Ms. Demer will suffer no harm if the redundant, harassing Demer Affidavits are stricken and her Motion to Dismiss is ruled upon by this Court, but potential confusion in these proceedings and prejudice to the Commission will be avoided.

### III.  CONCLUSION

For the reasons set forth herein, the Commission respectfully requests that Demer's Affidavits be stricken.

Dated: March 31, 2003                    Respectfully Submitted,

_____/S/_____
PATRICIA F. BAK
ADAM B. FINE
JAMES REILLY DOLAN (BAR # 09514)
Attorneys
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, DC 20580
(202) 326-2842; (202) 326-3784 or (202) 326-3292 (ph.)
(202) 326-2558 (Fax)
ATTORNEYS FOR PLAINTIFF

FEDERAL TRADE COMMISSION

FEDERAL TRADE COMMISSION