UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. MJG 03 CV 108 |
| | ) |
| JAGUAR BUSINESS CONCEPTS, LP, | ) |
| dba LIBERTYMALL.COM, et al., | ) |
| | ) |
| Defendants. | ) |

**JOINT SCHEDULING REPORT OF PLAINTIFF FEDERAL TRADE COMMISSION AND DEFENDANTS JAGUAR BUSINESS CONCEPTS, LP AND CHEYENNE INVESTMENT ALLIANCE, LLC**

Pursuant to Fed R. Civ. Pro. 26, plaintiff Federal Trade Commission ("FTC" or "Commission") and Defendants Jaguar Business Concepts, LP dba Libertymall.com ("Jaguar") and Cheyenne Investment Alliance LLC ("Cheyenne") submit the following Joint Scheduling Report. The FTC, Jaguar and Cheyenne are hereinafter referred to collectively as "the parties."

The FTC attempted to confer with Defendant Jacqueline A. Demer ("Ms. Demer") in hope of reaching agreement on a joint discovery plan. The FTC provided Demer with a proposed joint scheduling report and offered to negotiate as to any or all of the dates proposed therein. In the FTC's view, Ms. Demer, who appears *pro se* in this matter, refused to confer in good faith. *See* Exhibit A (March 31, 2003 letter from Ms. Demer to FTC counsel, Patricia F. Bak, wherein Ms. Demer states,

"Frankly your schedule does not interest me, nor does it have any bearing on my schedule."); Exhibit B (April 1, 2003 letter from FTC counsel, Patricia F. Bak to Ms. Demer, reminding her that the FTC was open to discussing alternate dates and assuring her that agreement to a Joint Scheduling report would not prevent the Court from ruling on her pending Motion to Dismiss or with respect to the Affidavits of Lawful Authority Ms. Demer sent to and demanded be executed by the FTC's Chairman, each of its other Commissioners, the FTC's General Counsel and the three FTC counsel of record in this case, which Affidavits the FTC has moved to strike) and Exhibit C (April 2, 2003 letter from Ms. Demer to FTC counsel, Patricia F. Bak stating that Ms. Demer would only take part in negotiations once Ms. Bak and the other eight FTC Commissioners and employees to whom she sent Affidavits of Lawful Authority signed them).

A.      <u>Discovery Schedule</u>

The parties agree to serve their Initial Disclosures on or before April 30, 2003.  The parties agree to serve all Requests for Production of Documents, Interrogatories, and Requests for Admissions no later than August 4, 2003.  The parties shall complete depositions on or before September 12, 2003.

B.      <u>Settlement</u>

An agreement in principle has been reached between the Commission staff and Jaguar and Cheyenne on a Stipulated Final Order for Permanent Injunction and Settlement of Claims.  There are a few outstanding matters yet to be accomplished to finalize the settlement.  Mr. Wallace E. Akehurst is currently authorized to bind Jaguar and Cheyenne and will be submitting supporting documentation to the Commission reflecting the entity changes that granted him that authority.  The Commission staff is working to obtain Commission approval of the settlement, which process can take as long as 30-45 days.

Assuming Commission approval, the parties will then undertake to obtain Court approval. Defendant Demer is not a part of this proposed settlement.

C.    Additional Parties

Presently, the parties are not planning to add other parties.

D.    Time Limits

The parties propose June 30, 2003, as the time limit to join additional parties. The parties propose November 7, 2003, as the time limit to file motions for summary judgment or other dispositive pleadings. The parties propose January 5, 2004, as the time limit to file non-dispositive motions. The parties propose October 10, 2003, as the time limit to complete discovery.

E.    Proposals for Formulation and Simplification of Issues

Currently, the parties have no proposal for simplifying or eliminating issues, including eliminating frivolous claims or defenses. Such action may become possible through discovery and submission of motions.

F.    Amendments to Pleadings

Currently, the parties do not intend to amend their pleadings; however, the necessity or desirability to amend pleadings may become apparent through discovery.

G.    Obtaining Admissions of Fact or Documents, Stipulations, Need for Advance Rulings

As discovery progresses and documents are exchanged, the parties will discuss the possibility of obtaining admissions of fact or of documents and stipulations regarding authenticity of documents. Until discovery is complete, counsel and the parties cannot determine whether advance rulings on admissibility of evidence will be needed.

H.  <u>Avoidance of Unnecessary Proof and Cumulative Evidence</u>

The parties shall endeavor to avoid unnecessary proof and cumulative evidence by way of stipulations based upon discovery results.

I.  <u>Referrals to Magistrates or Masters</u>

Reference to a special master or magistrate may delay these proceedings and increase costs, except with respect to discovery issues.

J.  <u>Preliminary Estimate of Required Trial Time</u>

The parties estimate that the trial will require three days.

K.  <u>Conference Before Trial, Final Pretrial Conference, Trial Date</u>

The parties propose a trial date in early February 2004. The parties propose a final pretrial conference in December 2003. The parties propose a status conference in October 2003.

L.  <u>Additional Information</u>

None.

| | |
|---|---|
| **FOR PLAINTIFF**<br>**FEDERAL TRADE COMMISSION** | **FOR DEFENDANTS JAGUAR BUSINESS CONCEPTS, LP AND CHEYENNE INVESTMENT ALLIANCE, LLC** |
| _____/s/*_____<br>Patricia F. Bak, Esq.<br>Adam B. Fine, Esq.<br>James Reilly Dolan, Esq. Bar # 09514<br>Federal Trade Commission<br>600 Pennsylvania Ave., N.W.<br>Mail Drop NJ 2122<br>Washington, D.C. 20580<br>202-326-2842<br>202-326-2558 (fax) | _____/s/*_____<br>Wallace E. Akehurst<br>2633 Monkton Rd.<br>Monkton, MD 21111<br>410-472-9032<br>410-510-1121 (fax)<br>Limited Partner for Jaguar Business Concepts, L.P. and Member of Cheyenne Investment Alliance, L.L.C.<br><br>Date: April 8, 2003 |

*A copy of the signature page bearing original signatures is attached hereto as Attachment 1.