UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**  Plaintiff,  v.  **JAGUAR BUSINESS CONCEPTS, LP,** dba **LIBERTYMALL.COM, et al.,**  Defendants. | CIVIL ACTION NO.  MJG 03 CV 108 |

**MOTION OF PLAINTIFF FEDERAL TRADE COMMISSION FOR AN ORDER DIRECTING THAT DEFENDANT JACQUELINE A. DEMER BE SUBJECT TO THE TERMS OF THE OF THE JOINT SCHEDULING REPORT OF PLAINTIFF FEDERAL TRADE COMMISSION AND DEFENDANTS JAGUAR BUSINESS CONCEPTS, LP AND CHEYENNE INVESTMENT ALLIANCE, LLC OR SUCH OTHER DISCOVERY PLAN AS THE COURT MAY DEEM ACCEPTABLE**

I.   INTRODUCTION AND BACKGROUND

On April 11, 2003, the Plaintiff Federal Trade Commission (the "Commission") and Defendants Jaguar Business Concepts, LP dba Libertymall.com ("Jaguar") and Cheyenne Investment Alliance, LLC ("Cheyenne") filed a Joint Scheduling Report ("Joint Scheduling Report") in compliance with Fed.R.Civ.P. 26(f).  Despite its efforts to do so, the Commission was not able to reach agreement with Defendant Jacqueline A. Demer ("Ms. Demer"), who refused to confer in good faith as to a discovery plan for the case.  For the reasons set forth herein, the Commission respectfully requests the Court direct that Ms. Demer be subject to the terms of the Joint Scheduling Report agreed to by all other parties to this matter or such other

discovery schedule as the Court deems proper.

II.     **ARGUMENT**

Defendants Jaguar and Cheyenne and the Commission were able to agree on a plan for the litigation of this matter. The dates agreed to not only take into account the *pro se* status of the Defendants herein, but also were crafted to account for the time required for presentation to, consideration of and, hopefully approval, but also the possibility of rejection by, the Commission and the Court of the terms of the Permanent Injunction and Settlement in principal reached by Jaguar and Cheyenne and the Commission staff. The Commission believes that the schedule agreed to with Jaguar and Cheyenne will allow the litigation to proceed while avoiding unnecessary expense in light of the possibility of settlement. Ms. Demer is not a part of the other parties' attempt to settle, and she refused to confer as to a joint schedule for discovery and pre-trial litigation of the case.

As set forth in Exhibits A, B, and C hereto, Ms. Demer's refusal to discuss a joint discovery plan was not taken in good faith. The Commission sent her a draft Scheduling Report, with suggested dates that the Commission made clear were all subject to discussion and change. *See* discussion of interplay among the parties regarding the Rule 26(f) conference and Joint Scheduling Report as set forth in Exhibit B. Upon receipt of the proposed joint scheduling report, on March 31, 2003, Ms. Demer wrote Counsel for the Commission, Patricia F. Bak, stating, "Frankly, your schedule does not interest me, nor does it have any bearing on my schedule." *See* Exhibit A. When on April 1, 2003, Ms. Bak wrote Ms. Demer to reassure her that the Commission was open to alternate dates and that her agreement to a joint scheduling report

would in no way prevent the Court for ruling on her Motion to Dismiss, Ms. Demer responded on April 2, 2003, demonstrating that she had no good faith interest in even attempting to confer as required by the Federal Rules of Civil Procedure. *See* Exhibits B and C. Rather, Ms. Demer once again threatened the Commission Chairman, the other four Commissioners, the General Counsel and the staff attorneys assigned to the case, stating that she would only "comply and take part in all negotiations and appearances required once all nine (9) signed Affidavits of Lawful Authority[1] are witnessed by the OFFICER OF THE COURT. . . ."[2] *See* Exhibit C.

---

[1] On March 26, 2003, Ms. Demer filed "Affidavits of Lawful Authority," which she directed be signed by nine Commission officials and employees: the Chairman of the Commission, each of the four other FTC Commissioners, the Commission's General Counsel, and the three attorneys representing the Commission in this case. Through "affirmations of law" set forth in the Affidavits of Authority, Ms. Demer apparently seeks "admission" by various Commission officials and employees that the defenses raised in her Motion to Dismiss are meritorious. Whether the individuals to whom Demer directed the Affidavits sign them or simply fail to respond within the five days she allotted, they will, according to Ms. Demer, be admitting to each of the "legal affirmations."

In moving to strike Demer's Affidavits the Commission argued that although not so styled, when viewed as a whole, the Affidavits might reasonably be taken as yet another motion to dismiss the Commission's complaint for lack of subject matter and personal jurisdiction, improper venue and failure to state a claim–all defenses that Ms. Demer has already presented in her Motion to Dismiss pending before the Court and which the Commission has opposed. The Commission thus urged the Court to strike Demer's Affidavits pursuant to Rule 12(f), as not only redundant of her Motion to Dismiss, immaterial and impertinent, but also insufficient defenses for the reasons set forth in the Commission's Opposition to Ms. Demer's Motion to Dismiss. *See* Motion of Plaintiff Federal Trade Commission to Strike the Affidavits of Lawful Authority Request, Affidavits of Jacqueline Demer by Special Visitation and the Third Party Witness Statements Offered as Proof of Service and Certificate of Mailing filed by Defendant Jacqueline A. Demer and Directed to Federal Trade Commissioner Timothy J. Muris, Commissioners Sheila F. Anthony, Thomas B. Leary, Mozelle W. Thompson, and Orson Swindle, General Counsel, William Kovacic, and Attorneys Patricia F. Bak, Adam B. Fine and James Reilly Dolan served on March 31, 2003.

[2] Ms. Demer's Affidavits of Lawful Authority are simply the latest salvo in an on-going campaign designed to harass and intimidate Commission officials. On January 21, 2003, Commission Chairman, Timothy J. Muris, FTC Commissioners Shelia F. Anthony, Mozelle W. Thompson, Orson Swindle, Thomas B. Leary, Commission General Counsel, William E.

The dates for discovery and the filing of dispositive and non-dispositive motions agreed to by Defendants Jaguar and Cheyenne and Plaintiff Commission will reasonably accommodate *all* parties to the litigation, including Ms. Demer. She will not be prejudiced in any way by being ordered by this Court to abide by the dates set forth in the Joint Scheduling Report. It is time for *all* parties to move forward with this litigation.

III. **CONCLUSION**

For the reasons set forth herein, the Commission respectfully requests that the Court order

---

Kovacic, Assistant Director of Commission's Bureau of Consumer Protection, Enforcement Division, James Reilly Dolan, Commission counsel, Patricia F. Bak and Adam B. Fine, and the Commission ("Recipients") each received a document entitled, "Notice of Written Communication/Security Agreement"( "Notice") from Ms. Demer. The Notice asserts that Ms. Demer has a copyright or common law trademark in her own name and signature and that each of the Recipients has infringed those rights, presumably by naming her as a Defendant in the complaint and referring to her in other papers filed with the Court or in letters addressed or faxed to her. The Notice further purports to create a "self-executing security agreement" in property held by each of the Recipients, in the form of liquidated damages for the supposed copyright and trademark infringement. Ms. Demer states her intention to file U.C.C. Financing Statements with respect to the Recipients' property to "perfect" those security interests.

On January 22, 2003, each of the Recipients received a Civil Action Inquiry, Affidavit of Jacqueline Ann Demer©, by Special Visitation, Affidavit of Lawful Authority and Third Party Witness Statement Offered as Proof of Service and Certificate of Mailing from Ms. Demer (hereinafter, "Civil Action Inquiry"). Through the Civil Action Inquiry Ms. Demer charges the Recipients with unauthorized use of her purportedly protected name and signature. She further claims to have been robbed by the Recipients of her peace and dignity and irreversibly harmed by the filing of the Commission's suit. Finally, she asserts that failure to respond to her Civil Action Inquiry within 5 days will result in a judgment "non prosequitur" at common law, which will result in treble damages.

The Commission's General Counsel, by letter dated January 27, 2003, advised Ms. Demer that the Notice and Civil Action Inquiry she had sent to the Recipients were of no legal effect, and that she had no justifiable basis, factual or legal, for the filing of liens against the property of the Recipients. The General Counsel informed Ms. Demer that numerous courts had held the malicious filing of liens against federal officials to constitute harassment and attempted extortion, and demanded that she immediately cease such activity and take all steps necessary to insure that any such filed liens were removed.

4

that Defendant Demer be subject to the terms of the Joint Scheduling Report.

Dated: April 11, 2003

                            Respectfully submitted,

                            _____/S/_____
                            PATRICIA F. BAK
                            ADAM B. FINE
                            JAMES REILLY DOLAN (BAR # 09514)
                            Attorneys
                            Federal Trade Commission
                            600 Pennsylvania Avenue, N.W.
                            Washington, DC 20580
                            (202) 326-2842; (202) 326-3784 or (202) 326-3292 (ph.)
                            (202) 326-2558 (Fax)
                            ATTORNEYS FOR PLAINTIFF