# EXHIBIT B



UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Division of Enforcement
Bureau of Consumer Protection

Patricia F. Bak
Attorney

Direct Dial:
(202) 326-2842
Fax:
(202) 326-2558

April 1, 2003

**VIA FACSIMILE AND BY FIRST
CLASS MAIL**

Ms. Jacqueline Demer
3000 Old Alabama Rd.
#119-166
Alpharetta, Georgia 30022

Re: **Federal Trade Commission v. Jaguar Business Concepts, L.P. dba Libertymall.com, et al.**, Civil Action No. MJG 03 CV 108

Dear Ms. Demer:

    I have just received your letter dated and faxed to me on March 31, 2003 in which you state that you are not interested in the Proposed Joint Scheduling Report sent you by fax yesterday for your review. Over the course of my discussions with you and Mr. Akehurst of the past few weeks, I have on a couple of occasions mentioned our need to attend to the requirement under the Federal Rules of Civil Procedure to confer as to a plan for discovery and trial of this matter and report to the Court. As I mentioned to you in our phone conversation yesterday, the Proposed Joint Scheduling Report faxed to both you and Mr. Akehurst was just that—a proposal to be discussed, negotiated and agreed to, if possible. The proposed dates included in the Proposed Joint Scheduling Report were ones that the FTC could clearly agree to, but as I mentioned in our conversation, we were certainly open to alternative dates. I know you have stated that the Proposed Joint Scheduling Report "does not interest [you] and does not have any bearing on [your] schedule," but I hope that if there are other dates that would be acceptable, you will call or contact me at your earliest convenience to tell me what they are.

    I am concerned based on certain statements in your letter that you may be under the mistaken impression that agreement to the Proposed Joint Scheduling Report or any other such report would somehow obviate the Court's consideration of your Motion to Dismiss. It will not. You have raised numerous defenses to the FTC's complaint against you, including lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, inadequate service of process and failure to state a claim, among others. The FTC has just filed and served on you and Mr. Akehurst its Opposition to the Motion to Dismiss you filed. You will have an opportunity until April 14, 2003 to file a reply to that opposition and the motion will then be ripe for the Court's decision. The FTC has also just filed

Letter to Jacqueline A. Demer
Page 2

and served on you and Mr. Akehurst a Motion to Strike your Affidavits of Lawful Authority. Again, you will have an opportunity to oppose that motion by no later than April 17, 2003. In sum, neither the Proposed Joint Scheduling Report nor the dates set forth therein or as may be agreed to in any other such report will in any way prevent the Court from considering whether the FTC has authority to sue you or the Court has jurisdiction over you and the subject matter of this suit.

If these concerns prevented you from engaging in further discussions about whether we could reach agreement on a Joint Scheduling Report, please call me at your earliest convenience, or if you would prefer, submit written alternative suggested dates for our consideration. As I explained to you yesterday, the litigation management issues on which we must report to the Court are fairly well established. Accordingly, it is unlikely that we will be able to agree, for example, not to address certain issues set forth the in the Proposed Joint Scheduling Report forwarded to you. Finally, as I have in the past, I continue to urge you to secure legal representation in this matter, so that you receive independent legal advice on these and other matters related to this suit.

Pursuant to the Federal Rules of Civil Procedure, the parties are required to confer for the purpose of planning discovery and submitting their proposed joint report by no later than April 2, 2003. We are required by the Rules to submit a Scheduling Report to the Court within 14 days of that conference. If I do not hear back from you by tomorrow, I will assume that you do not have a good faith interest in attempting to reach agreement as to the discovery and trial of this matter, and I will so inform the Court.

Sincerely,

Patricia F. Bak

cc: Mr. Wallace E. Akehurst