EXHIBIT A

## DECLARATION OF PLAINTIFF'S COUNSEL IN SUPPORT OF MOTION AND MEMORANDUM OF PLAINTIFF FEDERAL TRADE COMMISSION FOR A DEFAULT JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AGAINST DEFENDANT JACQUELINE A. DEMER

Patricia F. Bak, pursuant to 28 U.S.C. § 1746, hereby declares as follows:

1.  My name is Patricia F. Bak. I am an attorney employed by the Plaintiff, Federal Trade Commission ("Commission"), 600 Pennsylvania Avenue, NW, Mail Drop NJ 2122, Washington, DC 20580. The following facts are within my personal knowledge and if called upon as a witness I would testify thereto.

2.  On January 13, 2003, the Commission filed a Complaint for Permanent Injunction and Other Equitable Relief in this Court against Jaguar Business Concepts, L.P. dba Libertymall.com ("Jaguar"), Cheyenne Investment Alliance, LLC ("Cheyenne") and Jacqueline A. Demer, individually and as Member/Manager of Cheyenne ("Demer"). This action is captioned <u>FTC v. Jaguar Business Concepts, LP, d/b/a Libertymall.com, et al.</u>, Civil No. MJG-03-108 (D. Md.). On January 23, 2003, the Court entered the Stipulation and Order for Permanent Injunction with an Accounting, Expedited Discovery and Other Equitable Relief ("Stipulation and Order").

3.  The Court's May 13, 2003 Order stated that "Demer has failed to timely file an Answer to the Complaint" and "Plaintiff may move for a default judgment against Defendant Demer." This Order set the date of May 30, 2003 as the deadline by which Plaintiff may move for a default judgment against Demer.

4.  On May 28, 2003, the Commission filed an application for entry of default against defendant Demer for failure to timely file an Answer to the Complaint.

5. On May 29, 2003, the Clerk of the Court entered an Order of Default against defendant Demer "for want of answer or other defense by said Defendant." A true and correct copy of the Order of Default is attached hereto as Attachment 1.

6. On May 29, 2003, I caused the Commission to serve the Order of Default as to defendant Demer by sending a true and correct copy of the document, postage prepaid, first-class mail, to defendant Demer at the address that she requested in previous documents that the Commission send correspondence to her, Jacqueline A. Demer, c/o Thomas Trainor, Notary Public, 3000 Old Alabama Rd., #119-118, Alpharetta, GA 30022 and to Jaguar and Cheyenne by sending a true and correct copy of the document, postage prepaid, first-class mail, to Jacqueline A. Demer at the above-stated address and to Wallace E. Akehurst, 2633 Monkton, Rd., Monkton, MD 21111. The original Certificate of Service, executed on May 29, 2003, is attached as Attachment 2.

7. Active settlement discussions are underway between the Commission and other defendants in this action, and it is anticipated that agreement on the terms of stipulated final orders and permanent injunctions may be reached.

8. Upon my information and belief, defendant Demer is not currently in the military or otherwise exempt from default judgment under the Soldiers' and Sailors' Civil Relief Act of 1940.

9. Defendant Demer is not an infant.

10. I am not aware of any declaration of incompetency against defendant Demer; nor am I aware of any impairment.

11. Defendant Demer is a resident of Alpharetta, Georgia and until April 2, 2003, was the Member/Manager of Cheyenne Investment Alliance, LLC.

12. Attached as Attachment 3 to this Declaration is the Order Granting Application for Default Judgment in FTC v. Yad Abraham, et. al., No. EDCV 03-0030-VAP (C.D. Ca. Apr. 29, 2003), referred to in the Motion and Memorandum of Plaintiff Federal Trade Commission for a Default Judgment and Order for Permanent Injunction Against Defendant Jacqueline A. Demer.

13. On January 23, 2003, pursuant to the terms of the Stipulation and Order, the Commission received financial information from Jaguar and Cheyenne that was also filed with the Court by Cheyenne on January 31, 2003. Based on the information received, 91 consumers purchased Defendants' IDP's, paying a total of $5,365.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 29, 2003, at Washington, DC

Patricia F. Bak

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Federal Trade Commission
      Plaintiff

            v.

Jaguar Business Concepts, LP
dba
Libertymall. Com
Cheyenne Investment Alliance, LLC
Jacqueline Demer, Individual and as
Member/Manager of CHEYENNE
INVESTMENT ALLIANCE, LLC

      Defendant

            *

            *

            *

            *
           ******

Civil No. MJG-03-108

## ORDER OF DEFAULT

It appearing from the records and/or affidavit that the summons and Complaint were properly served upon the above named Defendant Jacqueline Demer, etc., and that the time for said Defendant to plead or otherwise defend expired on May 9, 2003, and that said Defendant has failed to plead or otherwise defend as directed in said summons and as provided by the Federal Rules of Civil Procedure.

Therefore, upon the request of the Plaintiff, and pursuant to Rule 55 of the Federal Rules of Civil Procedure, it is

ORDERED, that default for want of answer or other defense by said Defendant is entered this 29th

day of____May____, 2003.

                                  FELICIA C. CANNON, CLERK

                    By:         /s/
                              Hannah B. Merez, Deputy Clerk

U.S. District Court (Rev. 1/2000) - Order of Default

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of May 2003, I caused a copy of the foregoing **Order of Default** to be served on all below listed defendants at the following addresses by first class mail, postage prepaid:

**For Defendant Jaguar Business Concepts, L.P.:**

Wallace E. Akehurst         and         Jacqueline A. Demer
2633 Monkton Rd.                        c/o Thomas Trainor, Notary Public
Monkton, MD 21111                       3000 Old Alabama Rd., #119-118
                                        Alpharetta, GA 30022
                                        As Member/Manager of Jaguar's General Partner,
                                        Cheyenne Investment Alliance, L.L.C.

**For Defendant Cheyenne Investment Alliance, L.L.C.:**

Wallace E. Akehurst         and         Jacqueline A. Demer
2633 Monkton Rd.                        c/o Thomas Trainor, Notary Public
Monkton, MD 21111                       3000 Old Alabama Rd., #119-118
                                        Alpharetta, GA 30022
                                        As Member/Manager of Jaguar's General Partner,
                                        Cheyenne Investment Alliance, L.L.C.

**For Defendant Jacqueline A. Demer:**

Jacqueline A. Demer
c/o Thomas Trainor, Notary Public
3000 Old Alabama Rd., #119-118
Alpharetta, GA 30022

_____
Adam B. Fine
Attorney for Plaintiff, Federal Trade Commission

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

ENTERED
MAY - 1 2003
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION
DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED
CLERK, U S DISTRICT COURT
APR 29 2003
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION   BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>YAD ABRAHAM, aka Tim Thorn and Timothy Thorn, individually and dba Sharp thorn Internet Solutions; INTERNEX LLC,<br><br>Defendants. | Case No EDCV 03-0030-VAP(SGLx)<br><br>[Motion filed on April 14, 2003]<br><br>**ORDER GRANTING APPLICATION FOR DEFAULT JUDGMENT** |

The Court has received and considered all papers filed in support of Plaintiff Federal Trade Commission's Application for Default Judgment ("Application") The Application is appropriate for resolution without oral argument. See Fed R Civ P 78; Local Rule 7-15 For the reasons set forth below, the Application is GRANTED.

// // //
// // //

MAY - 1 2003

## I. PLAINTIFF'S ALLEGATIONS

Since at least January 1999, Defendants Yad Abraham, also known as Tim Thorn or Timothy Thorn, doing business as Sharpthorn Internet Solutions and Internex, LLC ("Defendants") have conducted a nationwide scheme to sell international drivers' licenses ("IDLs") through the www.drivelegal.com website, email solicitations, and in-bound telemarketing calls. [Compl. ¶ 17.] Defendants' website and solicitations claim to enable consumers to purchase legal IDLs [Id ¶¶ 18-19 ] Defendants charge $350 00, plus shipping and handling, for their IDL The front cover of Defendants' IDL has the words "Commonwealth of the Bahamas" printed across the top with the words "Issued at Nassau, Commonwealth of the Bahamas" directly underneath The letters "ABM" appear in the middle of the seal, and the words "Association of Bahamian Motorists" are arranged around the letters. The name "Association of Bahamian Motorist" is a California fictitious business name registered to Tim Thorn. [Id. ¶ 24 ]

## II. PROCEDURAL HISTORY

On January 8, 2003, Plaintiff Federal Trade Commission ("Plaintiff") filed a Complaint alleging violations of Section 5 of the Federal Trade Commission Act. While Defendants' IDL represents that consumers can use it to drive legally in the United States, in fact,

Defendants' IDL does not authorize consumers to drive legally in the United States. The Defendants' representations are, therefore, false and misleading and constitute deceptive acts and practices  [Id. ¶¶ 25-27.]

Defendants represent that consumers who purchase Defendants' IDL may use it to avoid points for traffic violations and avoid sanctions for driving with a suspended or revoked driver's license  Defendants also represent that consumers may use the IDL as an identification document in the same ways a person can use a government-issued photo identification document. In fact, consumers who purchase Defendants' IDL cannot use the IDL to avoid points and avoid sanctions for driving with a suspended or revoked driver's license, and the IDL cannot be used in the same ways a person can use a government-issued photo identification document. The Defendants' representations are, therefore, false and misleading and constitute deceptive acts and practices. [Id. ¶¶ 28-33.]

Consumers throughout the United States have been and continue to be injured by Defendants' violations of the Federal Trade Commission ("FTC") Act  Defendants also have been unjustly enriched by their unlawful acts and practices   [Id ¶ 34 ]
// // //

3

1   On April 14, 2003, Plaintiff filed an Application for
2   Entry of Default Judgment Against Internex, LLC ("Mot.")
3   No Opposition has been filed

### III. DISCUSSION

**A. DEFAULT**

Local Rule 55-1 provides that an application for default judgment must set forth: (a) when and against what party the default was entered, (b) the identification of the pleading to which default was entered, (c) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative, (d) that the Soldiers and Sailors' Civil Relief Act of 1940 does not apply, and (e) that notice has been served on the defaulting party if required by Federal Rule of Civil Procedure 55(b)(2)

Plaintiff has satisfied these requirements. The court clerk entered default against Internex, LLC on February 18, 2003 [1]  Internex is not an infant or incompetent person. [Mot. at 2, Pl.'s Mem of P. & A at

---

[1] A default judgment may be entered against fewer than all defendants because under the FTC Act, the defendants are jointly and severally liable. FTC v Amy Travel Service, Inc., 875 F 2d 564, 573 (9th Cir 1989) (liability under the FTC Act is join and several), In re Uranium Antitrust Litigation, 617 F.2d 1248, 1257 (7th Cir 1980) (default judgment against fewer than all parties is appropriate where defendants are subject to joint and several liability)

11 ] The Soldiers and Sailors Civil Relief Act of 1940 does not apply. [Id.] The notice of the application for default judgment was served on Internex, LLC on April 10, 2003 by placing the application in first class United States mail addressed to Defendant's agent for service of process, Shaun Melville, and his attorney [Id.] Therefore, both Federal Rule of Civil Procedure 55(b)(2) and Local Rule 55-2 are fulfilled.[2]

Plaintiff requests a judgment in the amount of $2,100,000 and an order of permanent injunction. [Pl.'s Mem. of P & A. at 4.] The $2,100,000 judgment represents the injury suffered by 6,000 customers who purchased Defendants' IDL [Id.] Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b), authorizes a district court to exercise its equitable authority and may impose equitable remedies such as restitution and disgorgement. FTC v. H.N Singer, Inc., 668 F 2d 1107, 1113 (9th Cir. 1982).

---

[2] Pursuant to Local Rule 55-2·

> If the amount claimed in a judgment by default is unliquidated, the applicant may submit evidence of the amount of damages by declarations. Notice must be given to the defaulting party of the amount requested. The party against whom judgment is sought may submit declarations in opposition

Defendants have not appeared in this action. On their website, Defendants state that during the last six years, they sold IDLs to 6,000 customers. [Pl's Mem. of P. & A. at 14, citing Plaintiff's Declarations and Exhibits in Support of Ex Parte Application for a TRO and Order to Show Cause, Smart Decl. at 301.] Defendants have sold IDL packages at prices ranging from $350 to $525 each [Id. at 302.] The Commission recommends a monetary judgment that is based on the lowest price Defendants charged for their IDL packages. This approach yields $2,100,000 ($350 x 6,000) [Pl's Mem of P. & A at 15] Therefore, default judgment is entered in the amount of $2,100,000.

**B.   PERMANENT INJUNCTION**

Plaintiff seeks a permanent injunction (Pl's Mem of P. & A. at 8-10.) "The requirements for the issuance of a permanent injunction are 'the likelihood of substantial and immediate irreparable injury and the inadequacy of remedies at law.'" American-Arab Anti-Discrimination Comm v. Reno, 70 F.3d 1045, 1066 (9th Cir. 1995) (quoting LaDuke v. Nelson, 762 F 2d 1318, 1322 (9th Cir 1985), modified, 796 F 2d 309 (9th Cir 1986))

According to the FTC Act, "in proper cases the Commission may seek, and after proper proof, the court

```
 1  may issue, a permanent injunction."  15 U.S.C. § 53(b)
 2  Plaintiff argues that "[a] permanent injunction is
 3  necessary to prevent Internex from disseminating
 4  additional misrepresentations  Without the injunction,
 5  Internex would be free to resume its deceptive scheme."
 6  [Pl.'s Mem  of P. & A. at 12.]  Plaintiff correctly
 7  points out that "[a] ban on the sale of international
 8  driving permits and other false identification documents
 9  is appropriate because such practices do not constitute
10  legitimate business activity "  [Id., citing 18 U S.C. §
11  1028 ]  Therefore, good cause having been shown that
12  there is a likelihood of substantial and immediate
13  irreparable injury and remedies at law are inadequate,
14  Defendant is permanently enjoined from the activities
15  listed in the judgment  American-Arab
16  Anti-Discrimination Comm  v  Reno, 70 F 3d at 1066.
17
```

### IV. CONCLUSION

```
19      For the reasons stated above, Plaintiff's Application
20  is GRANTED.  Default judgment against Defendant Internex,
21  LLP is entered in the amount of $2,100,000.00  Defendant
22  is permanently enjoined from the activities listed in the
23  judgment.
```

Dated: April 29, 2003

VIRGINIA A PHILLIPS
United States District Judge