UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>)<br>**JAGUAR BUSINESS CONCEPTS, LP,** )<br>**dba LIBERTYMALL.COM, et al.,** )<br>)<br>Defendants. )<br>)<br>) | CIVIL ACTION NO. MJG 03 CV 108 |

**(Proposed) DEFAULT JUDGMENT AND ORDER FOR PERMANENT INJUNCTION
AS TO DEFENDANT JACQUELINE A. DEMER**

Plaintiff Federal Trade Commission ("Commission") commenced this action by filing its Complaint for permanent injunctive relief, rescission of contracts and restitution, other forms of redress, disgorgement of unlawfully obtained monies, and other equitable relief pursuant to Section 13 (b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). The Complaint charged Defendants Jaguar Business Concepts, L.P. dba Libertymall.com, Cheyenne Investment Alliance, LLC and Jacqueline A. Demer ("Demer"), individually and as Member/Manager of Cheyenne Investment Alliance, LLC with violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), in connection with the marketing, advertising and sale of international drivers permits.

Demer received service of the Summons, Complaint, and other pleadings on January 22, 2003. On May 29, 2003, the Clerk of the Court entered default against Demer for want of

answer or other defense. Pursuant to that Order of Default and the Motion and Memorandum of Plaintiff Federal Trade Commission for a Default Judgment Against Defendant Demer, the following final judgment and permanent injunction is hereby entered.

## FINDINGS

1. The Complaint states a claim upon which relief may be granted against Defendants under Sections 5(a) and 13(b) of the FTC Act, as amended, 15 U.S.C. § § 45(a) and 53(b).

2. This Court has jurisdiction over the parties and subject matter of this action.

3. Venue in this district is proper under 28 U.S.C. § 1391(b) and 15 U.S.C. § 53(b).

4. The activities of the Defendants, as alleged in the Complaint, were in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5. Entry of this Order is in the public interest.

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

A. "International Driving Permit" means any document called an international driving permit, international driver's license or any variation thereof.

B. "Identification Document" means a document made or issued by or under the authority of the United States Government, a State, political subdivision of a State, a foreign government, political subdivision of a foreign government, an international governmental or international quasi governmental organization which, when completed with information concerning a particular individual, is of a type intended or commonly accepted for the purpose of

identification of individuals, including but not limited to, driver's licenses, birth certificates, social security cards, work permits, school transcripts and identification cards.

    C.    "False Identification Document" means any document that could reasonably be confused for an Identification Document.

    D.    "Identification Template" means any implement, impression, electronic device or computer hardware or software that is specifically configured or primarily used for making an Identification Document or False Identification Document.

    E.    "Assisting others" means providing any of the following goods or services to any person or entity: (a) performing customer service functions, including but not limited to, receiving or responding to consumer complaints or inquiries and selling, receiving, collecting or forwarding consumer applications or purchase orders; (b) formulating or providing, or arranging for the formulation or provision of, any sales script or any other written marketing material, including, but not limited to, the text of any telephone script, Internet website, email or other electronic communication; (c) providing names of, or assisting in the generation of, potential customers; (d) performing marketing services of any kind; or (e) acting as an officer or director of a business entity.

    F.    "Document(s)" or "record(s)" means

    1. The original or a true copy of any written, typed, printed, electronically stored, transcribed, taped, recorded, filmed, punched, or graphic matter or other data compilations of any kind, including, but not limited to, letters, e-mail or other correspondence, messages, memoranda, interoffice communications, notes, reports, summaries, manuals, magnetic tapes or discs, tabulations, books, records, checks, invoices, work papers, journals, ledgers, statements,

returns, reports, schedules, or files; and

      2.  Any information stored on any desktop personal computer ("PC") and workstations, laptops, notebooks, and other portable computers, whether assigned to individuals or in pools of computers available for shared use; and home computers used for work-related purposes; backup disks and tapes, archive disks and tapes, and other forms of offline storage, whether stored onsite with the computer used to generate them, stored offsite in another company facility or stored offsite by a third-party, such as in a disaster recovery center; and computers and related offline storage used by Defendants' participating associates, which may include persons who are not employees of the company or who do not work on company premises.

G.    "FTC Officials" means FTC Chairman, Timothy J. Muris, FTC Commissioners Sheila F. Anthony, Mozelle W. Thompson, Orson Swindle, Thomas B. Leary, FTC General Counsel, William E. Kovacic, Assistant Director of FTC's Bureau of Consumer Protection, Enforcement Division, James Reilly Dolan, FTC counsel, Patricia F. Bak and Adam B. Fine, and the FTC.

**INJUNCTIVE RELIEF**

I.    IT IS THEREFORE ORDERED that Demer, and her agents, employees, partners, member/managers, trustees, all other persons or entities within the scope of Fed. R. Civ. P. 65, and all those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from engaging, participating or assisting in any manner or capacity whatsoever, directly, or in concert with or by assisting others, through any business entity or other device in marketing,

advertising, promoting, offering for sale, selling or distributing any International Driving Permit, or any other Identification Document, False Identification Document, Identification Template or related material or information, whether denoted as a real or novelty item.

II.     IT IS FURTHER ORDERED that Demer, and her, agents, employees, partners, member/managers, trustees, all other persons or entities within the scope of Fed. R. Civ. P. 65, and all those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, in connection with the advertising, promotion, offer for sale, or sale or distribution of any item, product, good, service, investment opportunity, business opportunity, partnership, trust interest or other beneficial interest, are hereby permanently restrained and enjoined from making, expressly or by implication, directly or indirectly, orally or in writing, any false or misleading statement or misrepresentation of material fact, including but not limited to the following:

    A.     Misrepresenting and assisting others in misrepresenting that any International Driving Permit, False Identification Document or other Identification Document authorizes consumers to drive legally in the United States or any other country;

    B.     Misrepresenting and assisting others in misrepresenting that consumers who purchase any International Driving Permit, False Identification Document or other Identification Document may use it to avoid points for traffic violations;

    C.     Misrepresenting and assisting others in misrepresenting that consumers who purchase any International Driving Permit, False Identification Document or other Identification Document may use it to avoid sanctions for driving with a suspended or revoked government-issued driver's license;

D. Misrepresenting and assisting others in misrepresenting that any International Driving Permit, False Identification Document or other Identification Document can be used in the United States or any other country as an identification document in the same ways a person can use a government-issued photo identification document;

E. Misrepresenting and assisting others in misrepresenting that any International Driving Permit, False Identification Document or other Identification Document has been issued by or under the authority of the United States Government, a State, political subdivision of a State, a foreign government, political subdivision of a foreign government, an international governmental or international quasi governmental organization.

F. Misrepresenting and assisting others in misrepresenting that they can assist others in concealing or altering their actual identity, residence or address for an International Driving Permit, False Identification Document or other Identification Document.

III. IT IS FURTHER ORDERED that Demer, and her agents, employees, partners, member/managers, trustees, all other persons or entities within the scope of Fed. R. Civ. P. 65, and all those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from hereafter selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, credit card number, bank account number, e-mail address, or other identifying information of any person who paid any money to any Defendant for an application for or for an International Drivers Permit, False Identification Document, other Identification Document or Identification Template at any time prior to entry of this Order; *provided*, *however*, that Defendants may disclose such identifying information (i) with the express written consent of the

person whose information is disclosed, (ii) to a law enforcement agency, or (iii) as required or authorized by any law, regulation, or court order.

## PROHIBITED ACTIVITIES AND AFFIRMATIVE OBLIGATIONS

IV.     IT IS FURTHER ORDERED that Demer, and her agents, employees, partners, member/managers, trustees, all other persons or entities within the scope of Fed. R. Civ. P. 65, and all those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise:

    A.     Are hereby permanently restrained and enjoined from asserting, expressly or by implication, directly or indirectly, orally or in writing, that FTC Officials or any other FTC employee, commissioner, attorney, officer, agent, representative, successor or assign:

        1.     have infringed any copyright or common law trademark rights Demer purports to have in her name, signature or otherwise;

        2.     have otherwise injured Demer;

        3.     owe Demer any damages, penalties, monies or fees of any kind for infringing any copyright or common law trademark rights Demer purports to have in her name, signature or otherwise, or

        4.     have granted Demer a security interest in their property, and

    B.     Are required within five (5) business days to take all steps necessary to insure that any filings or statements made by Demer or on her behalf with or to any court, public office, publication or individual regarding the FTC Officials or any other FTC employee, commissioner, attorney, officer, agent, representative, successor or assign, including but limited to any U.C.C. filings, liens, and notices, are withdrawn, removed and declared to be null and void and of no

legal effect whatsoever.

## EQUITABLE MONETARY RELIEF

V.   IT IS FURTHER ORDERED that:

   A.   Judgment in the amount of FIVE THOUSAND THREE HUNDRED SIXTY FIVE DOLLARS ($5,365) with post judgment interest at the rate of ___% per annum, is hereby entered in favor of the Commission against Demer, for equitable monetary relief, including but not limited to, consumer redress and/or disgorgement, and for paying any attendant expenses of administering any redress fund;

   B.   Such payment shall be in the form of a certified cashier's check made payable to the FTC or its designated agent.

   C.   All funds paid pursuant to this Paragraph shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including but not limited to consumer redress and any attendant expenses for the administration of any redress fund.  In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the Defendants' practices alleged in the Complaint.  Any funds not used for such equitable relief shall be deposited to the Treasury as disgorgement.  Demer shall have no right to challenge the Commission's choice of remedies under this paragraphs; and

   D.   Demer shall also furnish to the Commission, in accordance with 31 U.S.C. § 7701, her taxpayer identification number or social security number, which shall be used for purposes of collecting and reporting on any delinquent amount arising from Demer's relationship

with the government.

## RECORD KEEPING PROVISIONS

VI.     IT IS FURTHER ORDERED that, for a period of eight (8) years from the date of entry of this Order, Demer, when acting in a commercial capacity as an individual or in connection with any entity in which she has a control or majority ownership interest or is a director, officer or holds a comparable position with a non-corporate entity, and Demer's agents, employees, partners, members, member/managers, trustees, all other persons or entities within the scope of Fed. R. Civ. P. 65, and all those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create, retain or make available to representatives of the FTC, upon reasonable notice the following records:

   A.     Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

   B.     Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

   C.     Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained and maintained in the ordinary course of business;

   D.     Complaints and refund requests (whether received directly, indirectly or through any third party) and any responses to those complaints or requests; and

  E. Copies of all sales scripts, training materials, advertisements, websites, electronic mail or other marketing materials.

## COMPLIANCE MONITORING

VII. IT IS FURTHER ORDERED that, for the purpose of monitoring and investigating compliance with any provision of this Order,

  A. Within ten (10) days of receipt of written notice from a representative of the FTC, Demer shall submit additional written reports, sworn to under penalty of perjury; produce Documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in Demer's possession or direct or indirect control to inspect the business operation;

  B. In addition, the FTC is authorized to monitor compliance with this Order by all other lawful means, including but not limited to obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45, *provided* that nothing in this Order shall limit the FTC's lawful enforcement and investigatory powers, including but not limited to use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, or posing as consumers and suppliers to Demer, her employees, or any other entity owned, managed or controlled, in whole or in part, directly or indirectly by Demer, without the necessity of identification or prior notice in order to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

  C. Demer shall permit representatives of the FTC to interview any employer, officer,

director, consultant, independent contractor, partner, limited partner, general partner, member/manager, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

## COMPLIANCE REPORTING

VIII.   IT IS FURTHER ORDERED that, in order that compliance with the provisions of this Order may be monitored:

    A.   For a period of five (5) years from the date of entry of this Order,

        1.   Demer shall notify the FTC of the following:

           (a)   Any changes in Demer's residence, mailing address, and telephone number, within ten (10) days of the date of such change;

           (b)   Any changes in Demer's employment status (including self-employment) within ten (10) days of the date of such change. Such notice shall include the name and address of each business that Demer is affiliated with, employed by, or performs services for; a statement of the nature of the business; and a statement of Demer's duties and responsibilities in connection with the business;

           (c)   Any changes in Demer's name or use of any aliases or fictitious names; and

        2.   Demer shall notify the FTC of any changes in corporate or entity structure that may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor corporation or partnership; the creation or dissolution of a subsidiary, parent, partner or

affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any proposed change in the corporation or entity about which Demer learns less than thirty (30) days prior to the date such action is to take place, Demer shall notify the FTC as soon as is practicable after obtaining such knowledge.

      B.      Ninety (90) days after the date of entry of this Order, Demer shall provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which she has complied and are complying with this Order. This report shall include, but not be limited to:

           1.      Any changes required to be reported pursuant to Paragraph VIII. A. above, and

           2.      A copy of each acknowledgment of receipt of this Order obtained by Demer pursuant to Paragraph IX.

      C.      For the purposes of this Order, Demer shall, unless otherwise directed by the FTC's authorized representatives, mail all written notifications to the FTC to:

> Associate Director for Enforcement
> Federal Trade Commission
> 600 Pennsylvania Avenue, NW, Room NJ-2122
> Washington, DC 20580
>     Re:    <u>FTC v. Jaguar Business Concepts, L.P., et al.</u>, Case No. MJG 03-CV-108
>            (D. Md.)

      D.      For purposes of compliance reporting required by this Paragraph VIII., the FTC is authorized to communicate directly with Demer.

## DISTRIBUTION OF ORDER BY DEMER

IX.     IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of this Order,

   A.     Demer shall deliver a copy of this Order to the principals, officers, directors, managers, members, partners, agents, trustees, employees, and agents for any business that Demer owns or controls or employs or contracts for personal services Demer and has responsibilities with respect to the subject matter of this Order. Demer shall secure from each such person a signed and dated statement acknowledging receipt of the Order. Demer shall deliver this Order to current personnel within thirty (30) days after the date of service of this Order, and to new personnel within thirty (30) days after the person assumes such position or responsibilities.

## REPRESENTATIONS AND ACKNOWLEDGMENTS

X.     IT IS FURTHER ORDERED that:

   A.     Within five (5) business days after entry of this Order, Demer shall submit to the FTC a truthful sworn statement that shall acknowledge receipt of this Order.

## RETENTION OF JURISDICTION

XI.     IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for purposes of construction, modification and enforcement of this Order.

**IT IS SO ORDERED**, this _____ day of _____, 2003, at _____ _.m.

_____
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Patricia F. Bak, Esq.
Adam B. Fine, Esq.
Reilly Dolan (Bar # 09514)
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Mail Drop NJ 2122
Washington, D.C. 20580
202-326-2842
202-326-2558 (fax)