

UNITED STATES OF AMERICA
# FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Division of Enforcement
Bureau of Consumer Protection

Patricia F. Bak
Attorney

Direct Dial:
(202) 326-2842
Fax:
(202) 326-2558

July 31, 2003

**VIA ELECTRONIC FILING**

The Honorable Marvin J. Garbis
United States District Judge
United State District Court for the
Northern District of Maryland
101 Lombard Street
Baltimore, MD 21201

           Re:    <u>Federal Trade Commission v. Jaguar Business Concepts, L.P. dba Libertymall.com, et al.</u>, Civil Action No. MJG 03 CV 108

Dear Judge Garbis:

      I am writing the Court on behalf of the plaintiff Federal Trade Commission ("Commission") and on behalf of the remaining defendants in this action, Jaguar Business Concepts, LP ("Jaguar") and Cheyenne Investment Alliance, L.L.C. ("Cheyenne"). The Court signed the Default Judgment and Order for Permanent Injunction as to Defendant Jacqueline A. Demer on July 17, 2003. The Commission staff and defendants Jaguar and Cheyenne have agreed to the terms of a Stipulated Final Order for Permanent Injunction and Settlement of Claims, which proposed settlement has been forwarded to the Commission for approval. If the Commission, and thereafter the Court, approves the proposed settlement, this matter will be concluded.

      Pursuant to the terms of the Scheduling Order signed by your Honor on April 17, 2003, the parties are required to serve document requests, interrogatories and requests for admission by no later than August 4, 2003; to complete all depositions by September 12, 2003; to file motions for summary judgment by no later than October 12, 2003 and to hold a telephone conference with the Court by October 26, 2003. Anticipating that the Commission will likely act on the staff's recommendation shortly and in order to avoid the possibility of unnecessary expenditure of time and money, the parties respectfully request that the Court extend each of the remaining dates set forth in the Court's April 17, 2003 Scheduling Order by approximately 30 days. A draft order is attached hereto for the Court's convenience.

Letter to the Honorable Judge Garbis
Page 2

      The parties also would like to bring to the Court's attention one other matter. Although the Commission has not yet been served with a copy and the Court's electronic docket does yet reflect its filing, Mr. Akehurst has informed me that he recently filed a motion to dismiss on behalf of Jaguar and Cheyenne. The motion to dismiss apparently requests dismissal of the claims against Jaguar and Cheyenne, based on the Court's entry of the Default Judgment and Order for Permanent Injunction as to Ms. Demer, and the belief that Jaguar and Cheyenne are bound by the terms of that Order. Mr. Akehurst, who signed the settlement agreement with the Commission on behalf of Jaguar and Cheyenne, informs me that neither Jaguar nor Cheyenne have any intention of withdrawing their agreement to settle, and moreover, if the Commission approves the settlement that they will withdraw their Motion to Dismiss. We note that the settlement agreed to by Jaguar and Cheyenne directly binds those two entities and subjects them to obligations, independent of whatever Ms. Demer is required to do, including for example, recordkeeping and reporting. In addition, the settlement agreed to by Jaguar and Cheyenne includes an avalanche clause and a right to reopen, obligating them to pay the full amount of alleged injury if the FTC can show that the defendants failed to provide truthful, accurate and complete financial and other information.

      Sincerely,

Patricia F. Bak
Attorney

cc:    Wallace E. Akehurst
      for Jaguar and Cheyenne