# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### NORTHERN DIVISION

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.  MJG 03 CV 108** |
| **v.** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **JAGUAR BUSINESS CONCEPTS, LP,** | ) | |
| **dba LIBERTYMALL.COM, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

## STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION AND SETTLEMENT OF CLAIMS AS BETWEEN PLAINTIFF FEDERAL TRADE COMMISSION AND DEFENDANTS JAGUAR BUSINESS CONCEPTS, L.P. dba LIBERTYMALL.COM AND CHEYENNE INVESTMENT ALLIANCE, L.L.C.

WHEREAS, this stipulated final order for permanent injunction and settlement of claims ("Order") is made by, between and among the Plaintiff Federal Trade Commission ("FTC" or "Commission"), and Jaguar Business Concepts, L.P. dba Libertymall.com ("Jaguar") and Cheyenne Investment Alliance, L.L.C. ("Cheyenne") (collectively and individually, "Settling Defendants");

WHEREAS, on January 13, 2003, the FTC brought a civil action pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC ACT"), 15 U.S.C. § 53(b), for permanent injunctive relief and consumer redress against Jaguar, Jaguar's General Partner, Cheyenne and Jacqueline A. Demer ("Demer"), both individually and as Member/Manager of Cheyenne;

WHEREAS, the FTC's claims now pending in the United States District Court for the

District of Maryland, Northern Division in <u>FTC v. Jaguar Business Concepts, L.P. dba</u>

<u>Libertymall.com, et al.</u>, MJG 03 CV 108 ("the FTC Action") allege deceptive acts or practices by

Settling Defendants and Demer in connection with the advertising, marketing and sale of

international drivers permits through Libertymall.com in violation of Section 5(a) of the FTC

Act, 15 U.S.C. § 45(a);

WHEREAS, Settling Defendants deny liability in the FTC Action;

and

WHEREAS, the undersigned parties deem it in their best interest to enter into this Order,

without trial or final adjudication of any issue of fact or law, to settle and resolve all matters in

dispute arising from the FTC Action as between them and to avoid further litigation in this

matter,

**NOW, THEREFORE,** in consideration of the promises, undertakings and releases stated herein,

the sufficiency of which consideration is hereby acknowledged, the undersigned parties agree,

with each other, and the Court finds as follows:

## FINDINGS

1    The Complaint states a claim upon which relief may be granted against Settling

Defendants under Sections 5(a) and 13(b) of the FTC Act, as amended, 15 U.S.C. § § 45(a) and

53(b).

2.    This Court has jurisdiction over the parties and subject matter of this action.

3.    Venue in this district is proper under 28 U.S.C. § 1391(b) and 15 U.S.C. § 53(b).

4.    The activities of the Settling Defendants, as alleged in the Complaint, were in or

affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

      5.      Entry of this Order is in the public interest.

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

A.      "International Driving Permit" means any document called an international driving permit, international driver's license or any variation thereof.

B.      "Identification Document" means a document made or issued by or under the authority of the United States Government, a State, political subdivision of a State, a foreign government, political subdivision of a foreign government, an international governmental or international quasi governmental organization which, when completed with information concerning a particular individual, is of a type intended or commonly accepted for the purpose of identification of individuals, including but not limited to, driver's licenses, birth certificates, social security cards, work permits, school transcripts and identification cards.

C.      "False Identification Document" means any document that could reasonably be confused for an Identification Document.

D.      "Identification Template" means any implement, impression, electronic device or computer hardware or software that is specifically configured or primarily used for making an Identification Document or False Identification Document.

E.      "Assisting others" means providing any of the following goods or services to any person or entity: (a) performing customer service functions, including but not limited to, receiving or responding to consumer complaints or inquiries and selling, receiving, collecting or forwarding consumer applications or purchase orders; (b) formulating or providing, or arranging

for the formulation or provision of, any sales script or any other written marketing material,

including, but not limited to, the text of any telephone script, Internet website, email or other

electronic communication; (c) providing names of, or assisting in the generation of, potential

customers; (d) performing marketing services of any kind; or (e) acting as an officer or director

of a business entity.

      F.     "Document(s)" or "record(s)" means

      1. The original or a true copy of any written, typed, printed, electronically stored,

transcribed, taped, recorded, filmed, punched, or graphic matter or other data compilations of any

kind, including, but not limited to, letters, e-mail or other correspondence, messages,

memoranda, interoffice communications, notes, reports, summaries, manuals, magnetic tapes or

discs, tabulations, books, records, checks, invoices, work papers, journals, ledgers, statements,

returns, reports, schedules, or files; and

      2. Any information stored on any desktop personal computer ("PC") and

workstations, laptops, notebooks, and other portable computers, whether assigned to individuals

or in pools of computers available for shared use; and home computers used for work-related

purposes; backup disks and tapes, archive disks and tapes, and other forms of offline storage,

whether stored onsite with the computer used to generate them, stored offsite in another company

facility or stored offsite by a third-party, such as in a disaster recovery center; and computers and

related offline storage used by Settling Defendants' participating associates, which may include

persons who are not employees of the company or who do not work on company premises.

4

## ORDER

### INJUNCTIVE RELIEF

I.      IT IS THEREFORE ORDERED that Settling Defendants, and their officers, agents,

employees, partners, member/managers, trustees, all other persons or entities within the scope of

Fed. R. Civ. P. 65, and all those persons or entities in active concert or participation with them

who receive actual notice of this Order by personal service or otherwise, are permanently

restrained and enjoined from engaging, participating or assisting in any manner or capacity

whatsoever, directly, or in concert with or by assisting others, through any business entity or

other device in marketing, advertising, promoting, offering for sale, selling or distributing any

International Driving Permit, or any other Identification Document, False Identification

Document, Identification Template or related material or information, whether denoted as a real

or novelty item.

II.     IT IS FURTHER ORDERED that Settling Defendants, and their officers, agents,

employees, partners, member/managers, trustees, all other persons or entities within the scope of

Fed. R. Civ. P. 65, and all those persons or entities in active concert or participation with them

who receive actual notice of this Order by personal service or otherwise, in connection with the

advertising, promotion, offer for sale, or sale or distribution of any item, product, good, service,

investment opportunity, business opportunity, partnership, trust interest or other beneficial

interest, are hereby permanently restrained and enjoined from making, expressly or by

implication, directly or indirectly, orally or in writing, any false or misleading statement or

5

misrepresentation of material fact, including but not limited to the following:

A.    Misrepresenting and assisting others in misrepresenting that any International Driving Permit, False Identification Document or other Identification Document authorizes consumers to drive legally in the United States or any other country;

B.    Misrepresenting and assisting others in misrepresenting that consumers who purchase any International Driving Permit, False Identification Document or other Identification Document may use it to avoid points for traffic violations;

C.    Misrepresenting and assisting others in misrepresenting that consumers who purchase any International Driving Permit, False Identification Document or other Identification Document may use it to avoid sanctions for driving with a suspended or revoked government-issued driver's license;

D.    Misrepresenting and assisting others in misrepresenting that any International Driving Permit, False Identification Document or other Identification Document can be used in the United States or any other country as an identification document in the same ways a person can use a government-issued photo identification document;

E.    Misrepresenting and assisting others in misrepresenting that any International Driving Permit, False Identification Document or other Identification Document has been issued by or under the authority of the United States Government, a State, political subdivision of a State, a foreign government, political subdivision of a foreign government, an international governmental or international quasi governmental organization.

F.    Misrepresenting and assisting others in misrepresenting that they can assist others in concealing or altering their actual identity, residence or address for an International Driving

6

Permit, False Identification Document or other Identification Document.

III.     IT IS FURTHER ORDERED that Settling Defendants, and their officers, agents,

employees, partners, member/managers, trustees, all other persons or entities within the scope of

Fed. R. Civ. P. 65, and all those persons or entities in active concert or participation with them

who receive actual notice of this Order by personal service or otherwise, are permanently

restrained and enjoined from hereafter selling, renting, leasing, transferring, or otherwise

disclosing the name, address, telephone number, credit card number, bank account number, e-

mail address, or other identifying information of any person who paid any money to any Settling

Defendant for an application for or for an International Drivers Permit, False Identification

Document, other Identification Document or Identification Template at any time prior to entry of

this Order; *provided, however*, that Settling Defendants may disclose such identifying

information (i) with the express written consent of the person whose information is disclosed, (ii)

to a law enforcement agency, or (iii) as required or authorized by any law, regulation, or court

order.

### SETTLEMENT OF MONETARY CLAIMS AND RIGHT TO REOPEN

IT IS FURTHER ORDERED that:

A.     The FTC's agreement to this Order as settlement of its monetary claims is

expressly premised on the truthfulness, accuracy and completeness of such financial and other

information provided by Cheyenne and Jaguar in response to Paragraph III of the Stipulation and

Order for Preliminary Injunction with an Accounting, Expedited Discovery and Other Equitable

7

Relief entered by the Court on January 23, 2003. If, upon motion by the FTC, the Court finds that the financial or other information provided by any of the Settling Defendants contains any material misrepresentation or omission, the Court shall enter a judgment in the amount of $5,915.00 for consumer redress and/or disgorgement, which shall be immediately due and payable, as to the offending Settling Defendant; *provided, however,* that in all other respect this Order shall remain in full force and effect unless otherwise ordered by the Court; and, *provided further*, that proceedings instituted under this provision would be in addition to, and not in lieu of, any other civil or criminal remedies as may be provided by law, including any other proceedings that the FTC may initiate to enforce this Order.

B.      For purposes of this Paragraph IV., Settling Defendants further agree that the facts as alleged in the Complaint shall be taken as true and they hereby waive any right to contest any of the allegations in the Complaint in the event of any subsequent litigation to collect amounts due pursuant to Paragraph IV.A. of this Order, including but not limited to a non-dischargeability complaint in any bankruptcy proceeding.

C.      Any judgment entered pursuant to this Paragraph IV. is for equitable monetary relief, solely remedial in nature, and is not a fine, penalty, punitive assessment or forfeiture.

## RECORD KEEPING PROVISIONS

V.      IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of this Order, Settling Defendants and their officers, agents, employees, partners, members, member/managers, trustees, all other persons or entities within the scope of Fed. R. Civ. P. 65, and all those persons or entities in active concert or participation with them who receive actual

8

notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create, retain or make available to representatives of the FTC, upon reasonable notice the following records:

A. Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B. Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C. Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained and maintained in the ordinary course of Settling Defendants' business;

D. Complaints and refund requests (whether received directly, indirectly or through any third party) and any responses to those complaints or requests; and

E. Copies of all sales scripts, training materials, advertisements, websites, electronic mail or other marketing materials.

## COMPLIANCE MONITORING

VI. IT IS FURTHER ORDERED that, for the purpose of monitoring and investigating compliance with any provision of this Order,

A. Within ten (10) days of receipt of written notice from a representative of the FTC,

9

Settling Defendants each shall submit additional written reports, sworn to under penalty of perjury; produce Documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in such Settling Defendant's possession or direct or indirect control to inspect the business operation;

      B.    In addition, the FTC is authorized to monitor compliance with this Order by all other lawful means, including but not limited to obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45, *provided* that nothing in this Order shall limit the FTC's lawful enforcement and investigatory powers, including but not limited to use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, or posing as consumers and suppliers to Settling Defendants, their employees, or any other entity owned, managed or controlled, in whole or in part, directly or indirectly by Settling Defendants, without the necessity of identification or prior notice in order to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

      C.    Settling Defendants shall permit representatives of the FTC to interview any employer, officer, director, consultant, independent contractor, partner, limited partner, general partner, member/manager, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

10

## COMPLIANCE REPORTING BY SETTLING DEFENDANTS

IT IS FURTHER ORDERED that, in order that compliance with the provisions of this Order may be monitored and:

A.        For a period of three (3) years from the date of entry of this Order,  Settling Defendants each shall notify the FTC of any changes in corporate or entity structure that may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor corporation or partnership; the creation or dissolution of a subsidiary, parent, partner or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any proposed change in the corporation or entity about which the Settling Defendant learns less than thirty (30) days prior to the date such action is to take place, Settling Defendant shall notify the FTC as soon as is practicable after obtaining such knowledge.

B.        Ninety (90) days after the date of entry of this Order, Settling Defendants each shall provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order.  This report shall include, but not be limited to:

Any changes required to be reported pursuant to Paragraph VII. A. above,

2.        A copy of each acknowledgment of receipt of this Order obtained by Settling Defendants pursuant to Paragraph VIII.

C.        For the purposes of this Order, Settling Defendants shall, unless otherwise

11

directed by the FTC's authorized representatives, mail all written notifications to the FTC to:

> Associate Director for Enforcement
> Federal Trade Commission
> 600 Pennsylvania Avenue, NW, Room NJ-2122
> Washington, DC 20580
> Re:   FTC v. Jaguar Business Concepts, L.P., et al., Case No. MJG 03-CV-108
>       (D. Md.)

D.     For purposes of compliance reporting required by this Paragraph VII., the FTC is authorized to communicate directly with Settling Defendants.

## DISTRIBUTION OF ORDER BY SETTLING DEFENDANTS

VIII.   IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of this Order, Settling Defendants shall deliver a copy of this Order to all principals, officers, directors, managers, members, partners, attorneys, employees, agents, and representatives having responsibilities with respect to the subject matter of this Order, and shall secure from each such person a signed and dated statement acknowledging receipt of the Order.  Settling Defendants shall deliver this Order to current personnel within thirty (30) days after the date of service of this Order, and to new personnel within thirty (30) days after the person assumes such position or responsibilities.

## REPRESENTATIONS AND ACKNOWLEDGMENTS

IX.    IT IS FURTHER ORDERED that:

A.     This Order may be executed in several counterparts by one or more of the parties named herein and all such counterparts when so executed shall, once signed by the Court, together constitute the final Order, as if one document had been signed by all parties hereto; and

12

each such counterpart, upon execution and delivery, shall be deemed a complete original, binding

the party or parties subscribed thereto upon the execution by all parties to this Order.

      B.      Within five (5) business days after entry of this Order, Settling Defendants shall

submit to the FTC a truthful sworn statement that shall acknowledge receipt of this Order.

## RETENTION OF JURISDICTION

X.      IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for

purposes of construction, modification and enforcement of this Order.

## STIPULATION OF SETTLEMENT OF THE PARTIES

XI.      In settlement of the claims and assertions recited herein, the Settling Defendants and the

      FTC stipulate and agree as follows:

      A.      Each of the undersigned persons signing on behalf of each of the Settling

Defendants represents and warrants that they are authorized to sign this Order on behalf of the

representative party and that they have the full power and authority to bind such party to each and

every provision of this Stipulation and Order. This Stipulation and Order shall be binding upon

and inure to the benefit of the undersigned parties and their respective heirs, executors,

administrators, representatives, successors and assigns.

      B.      Each settling party shall bear its own costs and attorneys' fees.

      C.      Settling Defendants enter into this Order freely and without coercion, and

acknowledge that they understand the provisions of this Order and are prepared to abide by them.

      D.      Effective upon signing of this Order by the Settling Defendants or their

13

representatives, Settling Defendants, on behalf of themselves individually, and their respective

heirs, executors, administrators, agents, representatives, successors and assigns, hereby release

and discharge the FTC and its employees, commissioners, attorneys, officers, agents,

representatives, successors and assigns, from any and all claims, demands, obligations, security

interests, liens, damages, actions and causes of action, direct or indirect, in law or in equity, that

now or in the future may exist.

      E.     Settling Defendants waive all rights to seek judicial review or otherwise challenge

or contest the validity of this Order, and any claims they may now or in the future have under the

Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the

date of this Order.

**SO STIPULATED:**

**FOR THE PLAINTIFF:**                **FOR THE SETTLING DEFENDANTS:**

James Reilly Dolan, Esq. (Bar # 09514)    Wallace E. Akehurst
Patricia F. Bak, Esq.                        2633 Monkton Rd.
Adam B. Fine, Esq.                      Monkton, MD 21111
Federal Trade Commission          410-472-9032
600 Pennsylvania Ave., N.W.        410-510-1121 (fax)
Mail Drop NJ 2122                    As Member/Manager of Cheyenne
Washington, D.C. 20580            Investment Alliance, L.L.C. and
202-326-2842                        Limited Partner of Jaguar Business
202-326-2558 (fax)                  Concepts, L.P.

        **IT IS SO ORDERED,** this        day of _____, 2003, at
      .m.

                                _____
                                UNITED STATES DISTRICT JUDGE

14